S. A. BROWN ET AL., Respondents, v. A. W. WRIGHT ET AL., Appellants.

### St. Louis Court of Appeals, March 8, 1887.

1. MECHANIC'S LIENS—NOTICE—OWNER DEFINED.—The owner, who is required by statute to be notified by a sub-contractor or material man, is the person who was the legal owner when the contract was made or the materials were furnished.

2. ——— TITLE.—That a part of the title to the property is in others than the owner sued, will not defeat the lien as against the owner who is sued.

3. ——— DESCRIPTION OF PROPERTY.—A description, in the petition and lien papers, of the property, which is sufficient to completely identify it, is sufficiently specific to satisfy the statute.

4. ——— CORPORATIONS—ESTOPPEL.—A corporation which accepts the benefit of work done, or materials furnished, upon its president's order, is estopped to deny the president's power to make the contract.

APPEAL from the Greene County Circuit Court, W. F. GEIGER, Judge.

*Affirmed.*

JOHN O'DAY and E. D. KENNA, for the appellants : The property upon which the improvements were made is not described. *McGuinness v. Boyle*, 123 Mass. 570; *Stevens v. Lincoln*, 114 Mass. 476; *Foster v. Cox*, 123 Mass. 45 ; *Lemly v. Iron & Steel Co.*, 65 Mo. 546. It was error to include in the decree property which was no part of the curtilage. *Chouteau v. Thompson*, 2 Ohio St. 114; *Bankes v. Cartes*, 18 Conn. 348. The plaintiffs would be entitled to a lien for that which was contemplated by the contract, but for nothing more, had the building been constructed in pursuance of its provisions, but, under the evidence in this case, the materials were not furnished under "any contract with

the owner, his agent, contractor, or sub-contractor."
Houck on Liens, sect. 48; *Hodges v. Railroad*, 29 Vt.
220; *Crump v. Mining Co.*, 7 Gratt. 352; *Bank v.
Trust Co.*, 14 Wis. 325; *Blen v. Bear River Co.*, 20 Cal.
602; *Bank v. McKee*, 2 Pa. St. 318; *Bacon v. Ins. Co.*,
31 Miss. 116; *Garnett v. Berry*, 3 Mo. App. 197.

C. W. THRASHER and J. T. WHITE, for the
respondents: The contract of Wright with the hotel
company, as shown by the evidence, was sufficient to
support the plaintiffs' lien. *Bruce v. Berg*, 8 Mo.
App. 204; *Sontag v. Poerge*, 14 Mo. App. 577; *Reicke
v. Saunders*, 3 Mo. App. 565; *Great Western Mfg. Co.
v. Hunter*, 16 N. W. Rep. 759. The president of the
Ozark Hotel Company had the power to change details
in the plan of the building, and order any necessary
materials for that purpose, or even to make a new con-
tract. Rev. Stat., sect. 731; Morawetz on Corporations,
sect. 252; *Smith v. Smith*, 62 Ill. 493–496; *Hearn
v. Railroad*, 53 Mo. 324. Enough appears in this de-
scription to fully identify the property. *De Witt v.
Smith*, 63 Mo. 263; *Caldwell v. Asbury*, 29 Ind. 451;
*Bradish v. James*, 83 Mo. 313; Phillips on Mech. Liens
[2 Ed.] p. 623, sect. 382; *Tibbetts v. Moore*, 23 Cal.
508. But even if it had been, it would be immaterial, as
the title to the land is not in controversy in this case.
*Fleitz v. Vickery*, 3 Mo. App. 593. It is immaterial
whether the hotel building covered all the ground
described or not, since the evidence shows that it was all
enclosed with the hotel and used as a part of the hotel
premises. *Meinholz v. Grodt*, 4 Mo. App. 568;
Phillips on Mechanic's Liens [2 Ed.] 337–340 *Oster
v. Rabeneau*, 46 Mo. 595.

ROMBAUER, J., delivered the opinion of the court.
The plaintiffs are lumber dealers, who contracted
with the defendant, Wright, to furnish certain lumber
to be used in the construction of a hotel building to be

erected by the defendant, the Ozark Hotel Company. All of the lumber thus furnished was used by Wright in the construction of the hotel building, and a balance of $716.30 remaining unpaid to the plaintiffs, they filed a lien on the hotel and lots whereon the same is erected, having first given the statutory notice of their intention to do so to the defendant, the Ozark Hotel Company.

The plaintiffs thereupon brought this suit against Wright, the contractor, the Ozark Hotel Company, a corporation, and the defendants, O'Day and Kenna, who are stated in the petition as owning some interest in the property. The trial resulted in a judgment in the plaintiffs' favor both as to the debt and lien.

The defendants filed motions for new trial and in arrest, which were overruled, whereupon they appeal. They now assign, in support of their motion in arrest, the fact that the petition states no cause of action for a lien, because it does not contain a description of the property, and because E. D. Kenna was not mentioned in the lien papers as owner, nor served with notice of the lien.

The objections are not worthy of serious notice. The petition described the property as "a certain brick building known as the Ozark Hotel, situated on a lot or tract of land known and described as follows: Lots nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, and eighteen (9 to 18) in block thirty-nine (39) in the town of North Springfield, in Greene county, and state of Missouri," a description sufficiently definite for all purposes. Phil. on Mech. Liens, sects. 379, 380, and cases cited. Nor was it necessary to mention E. D. Kenna, either in the lien papers or in the petition, or to notify him of the proposed filing of the lien, in any manner. It is not claimed that he was the owner of the property, either when the contract was made, or when the materials were furnished. He appears to be a trustee in a subsequent deed of trust, and was in no sense an owner within the provis-

ions of sections 3176 or 3190, of the Revised Statutes *Kuhleman v. Schule*, 35 Mo. 142.

In order to pass intelligently on the merits of the defendants' motion for new trial, a statement of the facts, as disclosed by the uncontroverted evidence, is essential.   It appears that Wright contracted in writing with the Ozark Hotel Company, a corporation, to do certain work and furnish certain materials for the erection of this building, for the sum of $12,536.   The plans were mislaid shortly after the work began, and thereafter Wright proceeded and erected the building, under the instructions and supervision of the president of the company, as it seems, without any regard for the details of the contract.   It appears, however, further, that the company accepted the work when completed, and paid for it, with the exception of twenty-two hundred and fifty dollars, which amount it retained, for the purpose of discharging claims for labor and material aggregating $1,368.75, of which amount the plaintiffs' claim formed a part.

It further appeared, that a few inches of one wall of the structure, sought to be charged with the lien, stood outside of the lots described in the petition ; also, that a very small portion of the lumber was used on a porch connected with the building, but not on any of the lots ; also, that one of the lots was marked on the plat of the town as nineteen instead of seventeen, but was described in the deeds to the Company, and from the Company to Kenna, trustee, as seventeen ( which is evidently the true description thereof, the number on the plat being a mere clerical mistake ).

A point strenuously urged by the appellants is, that the president had no power to change the written contract, and, therefore, the work and material were not furnished under any contract with the hotel company. Conceding the correctness of the premises, the con. clusion does not follow.   In this state a builder has a claim for the value of his labor and material, even

though he departed from the terms of an express contract, and even though he would have failed in a suit upon the express contract. *Lee v. Ashbrook*, 14 Mo. 379; *Yeats v. Ballentine*, 56 Mo. 536; *Eyerman v. Mt., Sinai Cemetery Ass'n*, 61 Mo. 489. In this case the owner accepted the work; it does not even appear that any objection was made to it, and neither of the defendants can now be heard, in a suit by a material man, whose material they have thus used and appropriated, to aver, that all the terms of the express contract between the owner and main contractor have not been complied with.

Neither is the objection tenable, that the property is not sufficiently described in the petition. In *Brown v. La Crosse City* (16 Wis. 555), the court held that a description in a complaint was sufficient, which charged a lien on the several "buildings known as the Gas Works of the La Crosse City Gas Light and Coke Company, situated on lots numbered eight, nine, etc., in block fourteen," whereas the buildings were situated on other premises in the same city. See, also, *Strawn v. Cogswell*, 28 Ill. 457; *McCoy v. Quick*, 30 Wis. 521; *De Witt v. Smith*, 63 Mo. 263. The lien in this instance was charged on the lots, according to their description in the deed under which the defendants claim; that the description of one of the lots on the plat is different, is wholly immaterial. The lot is sufficiently identified by the structure. But were it even otherwise, it is not conceivable how the defendants could sustain any injury, if a lien covered a lot to which they had no title. *Holland v. McCarty*, 24 Mo. App. 82. The purchaser under the lien can acquire no greater title than the owner has. Owing to the fact that the building projects a few inches on a stranger's ground, the purchaser may be evicted from that portion of the premises. That, however, is a risk which he assumes, and which in no way concerns the owner. The

title is not litigated in this proceeding. *Fleitz v. Vickery*, 3 Mo. App. 592.

It follows from the foregoing that the judgment of the court, under the uncontroverted facts, was for the right party, and must be affirmed, as the only correct conclusion.

All the judges concurring, the judgment is affirmed.