FAIRBANKS, MARSH & Co., Appellants, v. THE CRESCENT ELEVATOR COMPANY, Respondent.

Kansas City Court of Appeals, January, 30, 1893.

1. **Mechanics' Lien:** DESCRIPTION OF PREMISES. The description of property to be affected by a mechanics' lien need not be perfect, but only sufficiently so to enable a party familiar with the locality to identify the premises with reasonable certainty; and a description, "on forty-three-hundredths of an acre seven hundred and thirty-five feet north of the center of the section, being a portion of ten acres purchased of R., belonging to C. and having C.'s elevator on it," is sufficient, and is not vitiated by the mistake in the distance from the center of the section.

2. ————: DESCRIPTION OF PREMISES GRANTED: RULE. Where there are certain premises once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance, false or mistaken, will not vitiate the grant.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Kagy & Bremermann*, for appellants.

(1) The pleadings and lien papers describe the land as definitely as the statute requires, or so near as to identify the same, and the declaration of the court to the contrary was erroneous and in conflict with the statute itself, as well as the adjudications under it. Revised Statutes, 1889, sec. 6709; *Dent v. Smith*, 63 Mo. 263; *Bradish v. James*, 83 Mo. 313; *Brown v. Wright*, 25 Mo. App. 54, and cases cited; *Rall Bros. v. McCrary*, 45 Mo. App. 365. (2) Though the description of the premises is not such as the statute requires between a

stranger and contractor, it is good between the parties to the contract. The owner of the land and buildings into which appellants' property went is in no position, as against the materialman, to say the description is too indefinite. *Rall Bros. v. McCrary*, 45 Mo. App. 365, and cases cited. (3) Two monuments are given, the center of section 27 and the Crescent elevator building. The rule is well settled that courses and distances yield to fixed monuments, and, while the description calls for seven hundred and thirty-five, the line, nevertheless, runs to the Crescent elevator building. *Shelton v. Heatherly*, 16 Mo. 124; Tiedeman on Real Property, sec. 839. (4) The petition describes the land as that purchased by elevator company from Albert Ross. This description would be definite enough to convey the title, under the principle that "black acre" or "white acre" would be sufficient, as said by such lawyers as Blackstone and Kent.

*Trimble & Braley*, for respondent.

(1) The description of the building and the land upon which the lien is sought, as contained in the lien account filed with the clerk, is not "a true description of the property, or so near as to identify the same." He must give a description of the building and must give the boundaries of the land which he seeks to cover, or must so describe the land that from his description its boundaries can be certainly located. Jones on Liens, sec. 1422; *Munger v. Green*, 20 Ind. 38; *Iron Works v. Dorman*, 78 Ala. 218; *Tuttle v. Howe*, 14 Minn. 145–151; *Matlock v. Lane*, 32 Mo. 262; *Williams v. Porter*, 51 Mo. 441; *Wright v. Beardsly*, 69 Mo. 548; *Ranson v. Sheehan*, 78 Mo. 668. (2) The use to be made of the description after he gives it is to enable anyone interested in the property to see what he claims, and to

enable the court to have something definite before it so that it can make a definite order of sale; so that the sheriff may advertise the property by a correct description, and make a deed which will convey title. Jones on Liens, sec. 1422; *Iron Works v. Dorman*, 78 Ala. 218; *Leenly v. Iron Co.*, 65 Mo. 545. (3) The description of the land, besides being insufficient, is mostly untrue. (4) In this case the plaintiff seeks a lien against both a building and a lot of land. A failure to give a true description of the land, or so near as to identify it in its lien account, constitutes a failure to acquire any lien either on house or land. No lien attaches unless the statutory requirements as to the contents of the lien account be all complied with. *Williams v. Porter*, 51 Mo. 441; *Wright v. Beardsly*, 69 Mo. 548; *Ranson v. Sheehan*, 78 Mo. 673.

GILL, J.—The Keystone Iron Works Company contracted with the defendant to put in the Crescent elevator certain machinery and improvements; and the Keystone Company sublet a portion of the work to the plaintiff, who, failing to get their pay, brought this action for the enforcement of a mechanics' lien against the elevator building and the land on which the same was situated. On the trial before the court, the enforcement of the lien was denied on the alleged ground that the elevator property was not sufficiently described in the lien papers. From a judgment in favor of the Crescent Elevator Company, and discharging its property from the lien, the plaintiff appealed.

The lien was sought for work and labor done and materials furnished by the plaintiff, "upon, to and for the buildings and improvements described as follows, to-wit: The elevator building situated on the following described premises, to-wit: On forty-three-hundredths of an acre of ground, seven hundred and thirty-five feet

north of the center of section twenty-seven (27), township fifty (50), range thirty-three (33), being portion of the ten-acre (10) tract purchased of Albert Ross, all in Kansas City, Jackson county, Missouri, being the same land on which the Crescent elevator is situated. Said premises, buildings and improvements, belonging to and being owned by the Crescent Elevator Company, * * * the said account being hereby filed in order to constitute a lien upon the buildings, improvements and premises above described," etc.   The evidence showed that in East Kansas City, defendant purchased from Albert Ross, out of a ten-acre tract belonging to him, a piece of real estate measuring forty-three-hundredths of an acre, and erected thereon the building known as the Crescent elevator, with its name upon its side; that this was the only elevator in that vicinity; and that the said lot or piece of land was just seven hundred and fifty-five feet north of the center of said section 27, township 50, range 33.

The statute requires "a true description of the property, *or so near as to identify the same.*"   Revised Statutes, 1889, sec. 6709.   While now we do not have here an absolutely perfect description of this elevator property, is it not *so near* a correct description as to identify the same with reasonable certainty?   We think so.   As said in *DeWitt v. Smith,* 63 Mo. 265:  "If there appear enough in the description to enable a party, familiar with the locality, to identify the premises with reasonable certainty, to the exclusion of others, it will be sufficient."   "There is great reluctance," says WAGNER, J., "to set aside a mechanics' claim merely for loose description, as the acts generally contemplated that the claimants should prepare their own papers, and it is not necessary that the description should be either full or precise.   It is enough that the description points out and indicates the premises so that, by apply-

ing it to the land, it can be found and identified." To same effect see, also, Phillips on Mechanics' Liens [2 Ed.] secs. 379, 381, 382, 383; 2 Jones on Liens, sec. 1421.

While the description contained in the lien papers, now under review, is somewhat clumsily expressed, there are yet certain discriminating marks set out that would indubitably lead one familiar with the locality to understand what particular piece of real estate was intended by the lienor. · The charge is for a mechanics' lien against a lot or tract of land of *forty-three-hundredths* acres purchased by the Crescent Elevator Company of Albert Ross, and in section 27, township 50, range 33, in Kansas City, Jackson county, Missouri; it is designated as the same lot on which is situated a well-known elevator, the "Crescent," but the said *forty-three-hundredths* acres is said to lie *seven hundred and thirty-five feet* north of the center of said section 27, when the proof shows the exact distance is *seven hundred and fifty-five feet* north of the center of said section. However, when the whole description is considered together, there is no difficulty in locating the property, and correctly, too. The other matters of description so clearly identify the property that it will not be vitiated by this slight error of seven hundred and thirty-five instead of seven hundred and fifty-five feet. "Where there are certain premises once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance, false or mistaken, will not vitiate the grant." *Brown v. Gas Co.*, 16 Wis. 556; *Brown v. Wright*, 25 Mo. App. 58; Phillips on Mechanics' Liens, sec. 283.

Judgment reversed and cause remanded. All concur.