HYDRAULIC PRESS BRICK COMPANY, Respondent, v. A. J. WEIDNER et al., Defendants; HENRY W. SCHLINGMANN, Appellant.

St. Louis Court of Appeals, March 4, 1901.

1. **Mechanic's Lien:** LIEN AGAINST LAND AND IMPROVEMENTS: DESCRIPTION SUFFICIENT. Although the lien account and petition are defective in particularity, yet as the lien was intended to cover the buildings, improvements and land, the description under

a liberal construction of the law, which ought to maintain, is considered sufficient.

2. ———: LIEN AGAINST LAND: DESCRIPTION SUFFICIENT. It is indispensable that the land be described with sufficient definiteness and certainty to enable a party familiar with the premises, to identify it.

3. ———: LIEN AGAINST BUILDING AND IMPROVEMENTS: DESCRIPTION SUFFICIENT. When the lien is filed under section 4206, Revised Statutes 1899, enforcible only against the building or improvement erected, and not against the land on which it is situated, a description of such building or improvement erected must be sufficiently definite and certain as to enable the officer to identify it from all other buildings or improvements, should he be called on to remove it from the premises.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

Affirmed.

*Wm. F. Smith* for appellant.

The court erred in overruling defendant's objections to the admission of any evidence under the petition, being in the nature of a demurrer to the petition, because the petition failed to describe the nature, size or character of the structure in which it was claimed the brick sued for were used, and did not describe any structure or improvement whatever, but only described the ground, hence did not state facts sufficient to constitute a cause of action as against any of the defendants. The law requires a description of the improvement sought to be liened as well as of the ground. Ransom v. Sheehan, 78 Mo. 668; Richardson v. Koch, 81 Mo. 264; Halzour v. M., 59 Mo. 7; State to use v. Haley, 71 Mo. App. 200; Lemly v. Iron Co., 65 Mo. 545; Matlack v. Lare, 32 Mo. 262; Deatheredge v. Shiedly, 50 Mo. App. 490; Hicks v. Schofield, 121

Mo. 381; Bambrick v. King, 59 Mo. App. 284; Meistrel .v. Reach, 56 Mo. App. 243.

*W. Christy Bryan* for respondent.

We submit that this is even a more specific description than is required by the law. The rule of law in mechanics' lien cases as to description is, "that if there appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others, it will be sufficient." De Witt v. Smith, 63 Mo. 263; Bradich v. James, 83 Mo. 313; Brown v. Wright, 35 Mo. App. 54; Fairbanks v. Crescent Elevator Co., 52 Mo. App. 627; Bulger v. Robinson, 50 Mo. App. 499; Cahill v. Orphans' School, 63 Mo. App. 28.

BLAND, P. J.—The plaintiff by its suit sought to recover a personal judgment against Anton J. Weidner, a subcontractor, for $80.75 for brick alleged to have been sold and delivered to him and used for buildings and improvements situated on McRee avenue in the city of St. Louis. The land or lot upon which the buildings and improvements are situated is described by metes and bounds and is alleged to be the property of Henry W. Schlingmann. It is alleged that the improvements were made by one Henry Warmann as original contractor, and a mechanics' lien was sought to be established against the premises for the value of the brick. The petition also charges that "the Economic Monthly Payment Company claims some interest in the property, hence is made a defendant, and that William Booth, trustee, and William B. Papin, also claim an interest therein by virtue of a specific deed of trust made to William Booth as trustee for William S. Papin as *cestue que trust,* for which reason they are made defendants; and that one William Drozda, trustee, also claims an interest

in the property under another deed of trust, for which reason he is made defendant.

The defendants Henry W. Schlingmann, William Booth, trustee, William B. Papin and William B. Drozda, trustee, filed a joint answer which was a general denial. The defendants, Weidner, Economic Monthly Payment Building Company and Henry Warmann, did not appear or plead and made default at the trial. A jury was waived and the issues were submitted to the court, who, after hearing the evidence, found the issues for the plaintiff and rendered a personal judgment against Weidner for $88.54 and a lien was given against the property of Henry W. Schlingmann described in the petition. Described in the judgment as a certain brick building known as No. 4233 McRee avenue together with the improvements and appurtenances thereto belonging and a lot of ground on which the same was erected (described as described in the lien account). The contesting defendants appealed.

I. At the opening of the trial counsel for contesting defendants made an objection in the nature of a demurrer to the petition, to an admission of any evidence based upon the defect in the petition in not describing the character of the improvements upon which a lien was sought, or as to whether it was a new building, or an addition to an old one, and because the petition failed to state facts, as to said defendants named, sufficient to entitle plaintiff to recover a lien against their interest, which objection was overruled and exceptions saved. The mechanics' lien law gives a lien on the building, erection or improvement and the land (to the extent prescribed), on which the building, erection or improvement is situated. Section 4207, Revised Statutes 1899 (Mechanics' Liens, chapter 47), requires one who seeks to avail himself of the benefit of the provision of the chapter, to file, within the time prescribed, a just and true statement of his account

and a true description of the property, or so near as to identify the same, upon which it is intended the lien shall apply. It is indispensable that the land be described with sufficient definiteness and certainty to enable a party familiar with the premises to identify it. Budish v. James, 83 Mo. 313; Fairbanks v. Crescent Elevator Co., 52 Mo. App. 627. And when the lien is filed under section 4206 of the chapter, and can only be enforced against the building, erection or improvement and not against the land on which it is situated, a description of such building, erection or improvement, sufficiently definite and certain as to enable the officer who may be called on to remove it from the premises, to identify it from any and all other buildings, erections or improvements on the premises, is indispensable to the obtention of the lien. But no such definite description is necessary when it is sought, through the improvement, to bring the land itself under the lien, yet there should be a sufficient description of the building, erection or improvement, to furnish the primary object of the lien. It may be readily conceded that both the lien account and the petition are defective in this particular, but we do not think fatally so, under a liberal construction of the mechanics' lien law, and in view of the fact that the lien was sought against the buildings and improvements and the land. The whole question is one of description of the improvements. The allegation covers buildings and improvements. This is sufficiently broad to comprehend all or any lienable buildings or improvements situated on the premises, and after verdict, is sufficient to support the judgment, since the evidence shows that the brick were used in the construction of an addition to a building and in the erection of a lienable improvement situated on the premises. And we think the court correctly overruled appellant's demurrer to the evidence. We do not find any direct or reliable evidence that any of the brick were used in the con-

struction of a privy vault, and, hence, are not called on to decide whether, had the brick been so used, a lien would attach. The evidence is clear and uncontradicted, that the brick were furnished and were worth what the respondent charged for them, and it is clear that most if not all of them were used in the construction of an addition to a building on the premises and in the construction of an ash pit.

It is also shown that the respondent took all the statutory steps to entitle him to his lien. The court had ample proof to sustain his findings, the judgment is evidently for the right party and we shall not disturb it. The contesting defendants, other than Schlingmann (the owner), did not by any pleadings set forth what interest, if any, they had in the premises, offered no testimony to establish their interest and, therefore, can not now be heard to complain that the court did not determine and adjudicate their claims. The judgment is affirmed. All concur.