**NELLE PLUMBING COMPANY, Inc., Plaintiff-Appellant,**

v.

**Eugene R. STEFANIC, his wife Virginia Stefanic, Henry Krysl, his wife Georgia Krysl, Thomas D. Williams and Gravois Home Savings & Loan Association, Defendants-Respondents.**

No. 33515.

St. Louis Court of Appeals, Missouri.

March 24, 1970.

**638**

Thurman, Nixon, Smith & Howald, James E. Bowles, Hillsboro, for appellant.

Anderson, Anderson & Brooking, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondents.

DOWD, Judge.

Plaintiff, a corporation and plumbing contractor, instituted this action to recover for labor and material furnished in the construction of a motel and to establish a mechanic's lien against the real estate. Plaintiff asked for a monetary judgment for $4,013.86 against defendant-owners, Eugene R. Stefanic, his wife Virginia Stefanic, Henry Krysl and his wife Georgia Krysl. Plaintiff also asked that the mechanic's lien be given priority over a deed of trust held by Thomas D. Williams, as trustee and Gravois Home Savings & Loan Association (hereinafter Gravois) as cestui que trust. Rev Development Company (hereinafter Rev), the original contractor was not made a defendant.

Plaintiff's petition alleged that at the special instance and request of defendant-owners, the plaintiff furnished materials and labor in the construction of the motel and that the labor and materials were reasonably worth the price charged which is the amount the defendant-owners "agreed to pay" at the time the materials and labor were furnished.

Plaintiff's lien statement filed June 26, 1967 did not name defendants—Williams the trustee or Gravois which is the cestui que trust on the deeds of trust on the property.

The basis of plaintiff's petition is an agreement or contract with the defendant-owners to provide labor and materials in the construction of the motel.

At the close of plaintiff's case, the defendants made an oral motion to dismiss on two grounds: (1) Plaintiff failed to state or prove a cause of action against any of the defendant-owners contending that plaintiff failed to prove any agreement or contract with defendant-owners. (2) Plaintiff failed to name in the lien statement the defendants Williams and Gravois who are the trustee and cestui que trust under the deeds of trust.

The trial court took defendants' motion to dismiss under submission and plaintiff and defendants submitted briefs regarding the motion. Later, the court sustained the defendants' motion to dismiss. Plaintiff appealed.

Considering the evidence in a light most favorable to plaintiff and giving the plaintiff the benefit of all reasonable inferences arising from such evidence, we find the pertinent facts as follows. Jack Nelle, plaintiff's president, was contacted in November of 1965 by Charles Robinson and Bob Etter, officers of Rev, and Henry Krysl regarding plumbing work at the motel and met with them at Rev's office and went over plans for the motel. They wanted an opinion on the costs of the plumbing. Nelle gave them a price on the plumbing and plaintiff was employed to do the work. The record does not show who employed plaintiff. Bob Etter was the main person with whom Nelle dealt. Plaintiff had done work for Rev before. Prior work for Rev included eight apartments and Rev's office building. On the first two jobs, plaintiff had a written contract with Rev but on the other jobs it did not have a contract with Rev. On these prior jobs, plaintiff dealt with Robinson and Etter, officers in the Rev Company.

Nelle saw defendant Eugene Stefanic on the job a couple of times but never discussed business with him. Nelle saw defendant Henry Krysl on the job two or three times. In November of 1966 which was about eleven months after the plaintiff started working on the job but before it was completed, in the presence of Etter and Dwight Schuble, who was an officer in the Jefferson County Abstract Company, Henry Krysl told Nelle that "we would guarantee your money." This statement by Krysl referred to the sewer

work to be done by plaintiff in connecting into the sewer system of Pevely, Missouri. At the time of this conversation, Nelle did not know who owned the property. The defendant-owners entered into a contract with the City of Pevely regarding the annexation of their property.

The total cost of the job was $14,233.-62 and plaintiff received payments of $10,-200.00, leaving a balance of $4,033.62, the major portion of which is for the sewer work. The property was owned by the four individual defendants. These four owners obtained a construction loan of $109,600.00 from Gravois and executed a note and deed of trust on the property to Gravois. This deed of trust was recorded November 3, 1965. The disbursing of these funds under this loan was to be handled by the Jefferson County Abstract Company which was designated the escrowee under an agreement executed November 3, 1965, and listed Rev as the contractor. In December of 1966, the four defendant-owners obtained a second construction loan from Gravois for $135,500.00. This amount included $109,600.00 necessary to pay off the first loan. A deed of trust was again executed by the four defendant-owners in favor of Gravois and recorded December 19, 1966. Gravois was the cestui que trust on both deeds of trust. Jefferson County Abstract Company was again named the escrow agent. This second escrow agreement was signed by the four defendant-owners and listed Henry Krysl as the contractor. Paragraph 20 of these escrow agreements states: "That Contractor is agent for Owner and should Contractor fail to complete construction, Owner shall be responsible to Mortgagee and Escrowee to complete all work in accordance with plans and specifications and pay all costs therefor. Should construction not be satisfactorily completed, in addition to any other remedy available to it, Mortgagee may declare the note or notes secured by the mortgage due and payable without any other notice to or demand on Owner and may then proceed with foreclosure or may take such other legal action as it determines."

The labor and materials as reflected in the lien statement went into the construction of the motel and were reasonably worth the prices charged. There were twenty-three vouchers for payment for materialmen and workmen and labor signed by Henry Krysl, one signed by Charles Robinson and two signed by Henry Krysl and Eugene Stefanic. These vouchers were presented to the escrow agent who paid them by check.

Plaintiff received three payments on its account. The first payment for $3,500 was based on a voucher signed by Robinson. The second payment for $2,200 was based on a voucher signed by Robinson and Henry Krysl and the third payment for $4,500 was based on a voucher signed by Henry Krysl.

This work was done on an open account and the job was billed as one continuous account and all the billings were directed to Rev. As the time for filing a lien statement approached, Nelle tried to contact Rev.

Plaintiff contends that it was error for the court to sustain defendants' motion to dismiss because it proved an agreement with the four defendant-owners and because Rev was an agent for the four defendant-owners and it was not required to name Gravois in the lien statement. Plaintiff next contends that it was entitled to judgments also against Virginia Stefanic and Georgia Krysl, wives of the two individual defendant-owners, because the wives signed the two notes and deeds of trust, two escrow agreements and two loan settlement statements. Plaintiff also contends its lien should have priority over the deed of trust because the deed of trust was recorded after the work began.

This case was tried to the court without a jury and it is our duty to review the case upon both the law and the evidence deferring to the trial court's find-

ings upon controverted factual matters. We may set aside the judgment only if it is clearly erroneous. Civil Rule 73.01(d), V.A.M.R., Section 510.310(4), V.A.M.S.;[1] K-V Builders, Inc. v. Thomas, Mo.App., 353 S.W.2d 130, 132 [1]. The record does not show the ground the trial court acted upon, but that is immaterial so long as the result can be justified upon any legal theory consistent with the pleadings. Morris v. Western Cas. & Sur. Co., Mo.App., 421 S.W.2d 19 [1].

An examination of the plaintiff's petition and plaintiff's evidence shows that plaintiff tried this case on the theory that the plaintiff had an agreement with the four individual defendants who are owners of the property. Plaintiff's petition alleged "That at the special instance and request of the defendants (owners), plaintiff furnished material and labor" and that the "labor, building materials * * * are reasonably worth the price charged which is the amount the defendants (individual owners) agreed to pay at the time the same were furnished and delivered * * *." However, the evidence failed to show an agreement either expressed or implied with the individual defendant-owners. There was no evidence that these defendant-owners ordered any materials or requested that labor be performed on the motel.

■ The only evidence presented in an attempt to establish a judgment against the individual defendant-owners was as follows: That Nelle met in Rev's office with Robinson and Etter, officers of Rev, and Henry Krysl, one of the defendant-owners, where Nelle was asked for an opinion on the cost of the plumbing. That Henry Krysl and Eugene Stefanic signed a number of the vouchers. That Nelle saw defendant-owner Eugene Stefanic on the job a couple of times but never discussed business with him. That Nelle saw defendant-owner Henry Krysl on the job two or three times and on one occasion after the job was in progress for eleven months in a discussion relative to the connecting into the Pevely sewer system, Henry Krysl said to Nelle "we would guarantee your money." This statement referred to the sewer work only. Also present at that conversation was Bob Etter, officer in the Rev Company and Dwight Schubel, an officer for the escrow agent. There is no evidence that Krysl was speaking for the other defendant-owners. In fact at the time of this conversation Nelle did not know who were the owners of the building. Plaintiff's evidence also failed to show that plaintiff furnished the materials and performed the labor for the defendant-owners.

■ On the contrary, plaintiff's evidence shows that it dealt with Rev and was looking to Rev as the general contractor. Plaintiff's evidence shows that plaintiff had a history of prior dealings with Rev. Plaintiff had performed work on eight apartments and Rev's office building. On two of these jobs plaintiff had a contract with Rev and the other jobs, plaintiff had no written contract with Rev. On these prior jobs, plaintiff dealt with Etter and Robinson, officers for Rev who are active on the job here. In fact, Nelle testified that Etter was "the main one that we dealt with." Nelle also testified that all the bills were directed to Rev and that when the lien time was expiring, Nelle attempted to contact Rev. It is clear from the record that plaintiff dealt with Rev as an independent contractor and looked to Rev for payment. Plaintiff is bound by the theory it pleaded and tried its case in the trial court and we will review the case solely on that theory. Service Const. Co. v. Nichols, Mo.App., 378 S.W.2d 283 [5]; Grider v. Twin City Fire Ins. Co., Mo.App., 426 S.W.2d 698 [6]; Mo.Dig. Appeal and Error, ⊕171 (1). A review of plaintiff's evidence on its theory that it had an agreement with the four defendant-owners convinces us that plaintiff failed to prove this theory

1. All references to statutes are to RSMo 1959, V.A.M.S.

and was not entitled to a monetary judgment against the four defendant-owners.

■ Plaintiff contends now that Rev and Krysl were agents for the individual defendant-owners and that this agency is established by the fact that the contractor is called an "agent for owner" in the escrow agreement. We reject this contention. Plaintiff was not a party to the escrow agreements. These are collateral agreements to plaintiff's dealing with Rev. The contractors were named as agents for the owners for a very limited and restrictive purpose of protecting the lender (Gravois) and to make the owners responsible to the lender to complete the contract and pay all the costs. There is no presumption of agency and the burden of establishing it is on the party by whom it is alleged to exist. Roy v. Tinsley, Mo. App., 355 S.W.2d 621 [2]. Plaintiff did not sustain this burden and did not prove that Rev and Krysl were agents for the defendant-owners. Also, the mechanic's lien statute does not have the effect of establishing the relation of principal and agent between the owner of real estate and the contractor. Tallman Co. v. Villmer, Mo.App., 133 S.W.2d 1085 [1].

■ Also, it is clear that plaintiff was not entitled to establish a mechanic's lien here because of two reasons: (1) The failure to join Rev, the original contractor. It is settled law that in a suit by a subcontractor, the original contractor is a necessary party. § 429.190 V.A.M.S.; Quigley v. William M. Rideout & Co., Mo. App., 127 S.W.2d 37 [2, 3]. (2) The failure of the plaintiff to name the cestui que trust (Gravois) in the lien statement. In order to establish a mechanic's lien, the plaintiff must file a lien statement within the prescribed time and must name the owners or contractor or both if known. § 429.080.

■ Section 429.150 construes who is the owner or proprietor. This statute provides in part:

"Every person, including all *cestui que trust*, for whose immediate use, enjoyment or benefit any building, erection or improvement shall be made, shall be included by the words 'owner or proprietor' thereof under sections 429.010 to 429.340, * * *." (Emphasis ours)

It is readily apparent that a cestui que trust would benefit from the erection of a building on land against which it has a deed of trust and shall be considered an owner or proprietor under the mechanic's lien statute. As such, the cestui que trust must be named in the lien statement.

■ Plaintiff described Gravois in its petition as the cestui que trust under a recorded deed of trust but yet failed to name Gravois in its lien statement as is required by § 429.150. Both deeds of trust with Williams as trustee and Gravois as cestui que trust were recorded many months before the filing of the lien statement. The mechanic's lien is purely a creature of statute and while it is liberally construed there must be a substantial compliance with the requirements of the statute in order to secure its benefits. Wadsworth Homes, Inc. v. Woodridge Corp., Mo.App., 358 S.W.2d 288 [1]; Putnam v. Heathman, Mo.App., 367 S.W.2d 823 [4]. In H. B. Deal Const. Co. v. Labor Discount Center, Inc., Mo., 418 S.W.2d 940, l. c. 956, the court stated: "The first lien statement was defective in that it failed to include the cestui que trust as owner as required by § 429.150 * * *." *Deal* also held that a defective or incomplete lien statement could be corrected by filing a new lien statement provided the second lien statement is filed within the period prescribed for filing lien statements. Here plaintiff never amended or corrected its defective lien statement to comply with § 429.150 by naming Gravois as cestui que trust and was not entitled to perfect a mechanic's lien against the property.

Plaintiff relies on Brown v. Wright, 25 Mo.App. 54 and Langdon v. Kleeman, 278 Mo. 236, 211 S.W. 877 as authority for its

contention that it was not required to name Gravois, as an owner in the lien statement and if it is a defect it is not a fatal defect. We do not believe these two cases sustain plaintiff's contention. In *Brown*, one E. D. Kenna was not named in the lien statement but he is referred to as a trustee in a subsequent deed of trust. This undoubtedly would be a deed of trust subsequent to the filing of the lien statement. In that case the trustee would be of record after the lien statement was filed. In any event E. D. Kenna, unlike Gravois here, was not the cestui que trust but merely the trustee. The court in *Brown* stated at l. c. 56: "It is not claimed that he (E. D. Kenna) was an owner of the property, either when the contract was made, or when the materials were furnished."

In *Langdon*, the lien claimants in a suit to enforce their liens made the owner of the property and the trustee and the beneficiary in the deed of trust to whom the note was made payable parties defendants. They did not make the assignee of the note secured by a deed of trust a party to the proceedings within the statutory period. The assignee was not of record and the lien claimants had no knowledge of the existence of the assignee. The question reviewed in that case was whether the liens of the lien claimants were entitled to priority over that of the assignee of the note and holder of the deed of trust who was not of record. The court in *Langdon* held that the lien claimants had sufficiently complied with the statutes in instituting the suit against the interested parties known to claimants and which could have been discovered by claimants and the liens were entitled to priority over the unknown and unrecorded assignee of a note under a deed of trust. Here we are dealing with the issue of the necessity of naming the cestui que trust as owner in the lien statement who was of record for many months before the lien statement was filed.

Our decision in this case renders unnecessary any ruling on plaintiff's contention as to priority of the mechanic's lien over the deed of trust.

We find no error. The judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.