**Roger KIEFFER and Catherine Kieffer, his wife, Plaintiffs-Appellants,**

**v.**

**CITY OF BERKELEY, a municipal corporation, Defendant-Respondent.**

**No. 35170.**

Missouri Court of Appeals, St Louis District, Division One.

April 2, 1974.

Shaw & Howlett, Keith W. Hazelwood, Clayton, for plaintiffs-appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Donald L. James, St. Louis, for defendant-respondent.

WEIER, Judge.

Plaintiffs appeal from an order sustaining the defendant's motion to dismiss the petition. Plaintiffs' petition alleged injury due to defendant's negligent maintenance of one of its streets. The city's motion to dismiss alleged an insufficiency in the notice given it. This notice stated that on June 27, 1972 Mr. Kieffer "was injured because of a defect in the thoroughfare known as Latty Road at or near the point where Latty Road intersects with Graham Road, within the city limits of the City of Berkeley." The petition stated that the accident occurred "in front of the Midway Warehouse located at 8942 Latty Road within defendant's City, * * *." Defendant's contention in its motion was that the notice was "fatally defective in that the location of the alleged accident was indefinite and could not properly inform this defendant of the exact location of the alleged accident," and that the only point at which defendant could have reasonably supposed the defect to exist was at the intersection of Latty Road and Graham Road which was located in the City of Hazelwood and not in the City of Berkeley. To support this motion, defendant filed an affidavit of the city manager of Berkeley to the effect that the city was a constitutional charter city and that the intersection referred to in the notice was not in the corporate limits of the City of Berkeley. Without any evidentiary hearing, the court sustained the motion to dismiss for failure to provide proper notice pursuant to the statute.

■ On appeal, all parties rely on the provisions of § 82.210, RSMo. 1969, V.A. M.S., as being applicable to the requirements of notice to the City of Berkeley. We are not that certain. Although this section appears in the chapter with regard to constitutional charter cities, by its terms it applies to cities containing a population of at least 100,000 inhabitants. The City of Berkeley, according to the 1970 census, of which we take judicial notice, [§ 490.-700, RSMo. 1969, V.A.M.S.; State ex rel. State Highway Commission v. Galeener, 402 S.W.2d 336, 338 [2] (Mo.1966)] lists a population of 19,743. This population requirement set forth in the statute was no doubt included because Article IX, Section 16, Constitution of 1875, which was in effect when § 82.210 was enacted in 1913, authorized adoption of a charter form of government in cities having population of more than 100,000 inhabitants. By Article VI, Section 19, Constitution of 1945, V.A. M.S., this requirement was reduced to 10,000; and later, by amendment adopted October 5, 1971, to 5,000, but the statute was never changed. This is only of passing interest in the instant appeal, however, since the parties adopted the section as applicable to the City of Berkeley in the trial court, and have continued to acknowledge its applicability on this appeal. On appeal, we must review the case solely on the theory under which it was tried in the trial court. Nelle Plumbing Company v. Stefanic, 453 S.W.2d 636, 640 [5] (Mo.App. 1970); Lee v. Smith, 484 S.W.2d 38, 41 [1] (Mo.App.1972). This is true even though the statute under which the case was submitted to the jury had been previously construed by an appellate court not to be applicable to the facts of the case tried [Oberdan v. Evens & Howard Fire Brick Co., 296 S.W. 161, 163 [4–6] (Mo. App.1927)]; or even though the parties tried their case on a theory that a statute should be construed as indicated in a prior case which had later been overruled. Simpson v. Wells, 292 Mo. 301, 237 S.W. 520, 528 [11] (1922).

■ We are now confronted with the central question, that is, was the notice insufficient. This question is controlled by the principles enunciated in Travis v. Kansas City, 491 S.W.2d 521 (Mo. banc 1973) wherein the court at p. 524 stated: "If the municipality believes that the content of the notice as to time of injury (or other matters) was so misleading as to have affected its legitimate right to fully investi-

gate the occurrence and that its ability to defend against the claim has thus been limited or prejudiced, such facts should be presented to the trial court. Thereafter, a ruling as to whether or not the notice met the intent and purpose of the statute could be made after a hearing; thereon." Defendant points out that the intersection of Latty Road and Graham Road is not within the city limits of Berkeley and, therefore, the notice was ineffective. The notice must be read as a whole, however, and when so read it is apparent that the defect was alleged to be on Latty Road, within the city limits of Berkeley, in addition to being at or near Graham Road. Courts do not take judicial notice of whether streets are within the boundaries of cities. Bennett v. Kitchin, 400 S.W.2d 97, 106 [10] (Mo.1966). The effectiveness of the notice must therefore be measured by evidence as to the place where the injury occurred and the location as set forth in the wording of the notice. Following the principles in *Travis, supra,* the trial court should then sustain defendant's motion on the basis of ineffective notice only if, after a hearing, it determines that the notice was so misleading as to have affected defendant's right to fully investigate the occurrence and determines that its ability to defend against the claim has thus been limited or prejudiced.

The supreme court in *Travis* overruled the strict application given the statute in Hackenyos v. City of St. Louis, 203 S.W. 986 (Mo. banc 1918) in favor of a liberal construction which was advocated by the dissenting opinion in *Hackenyos.* This dissenting opinion advocated a liberal construction because the notice statute did not create a cause of action but was merely enacted by the legislature to place a condition precedent upon plaintiffs' right to recover in a common law action. A liberal construction should be considered when the question of the applicability of the notice section is posed by the evidence at a motion hearing required by *Travis.*

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

DOWD, C. J., and SIMEONE and KELLY, JJ., concur.