CHRISTINE SICK, Appellant, v. THE COVENANT MUTUAL LIFE INSURANCE COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, April 4, 1899.

Life Insurance Policy: CANCELLATION: DAMAGES: PRACTICE, TRIAL. Parties are bound by their contracts and can not after committing a breach justifying an abrogation of the contract, either recover damages for such breach, or enforce the contract; and, held, that in the case at bar that the trial court correctly instructed the jury to return a verdict for the defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. LEORY B. VALLIANT, Judge.

AFFIRMED.

A. A. PAXSON for appellant.

The court erred in taking the consideration of the case from the jury by its peremptory instruction to find for the defendant.   Woods v. Ins. Co., 50 Mo. 116; Sims v. Ins. Co., 47 Mo. 54; Tutt v. Ins. Co., 19 Mo. App. 677; Hanley v. Ins. Co., 69 Mo. 380; Chadwick v. Order of T. A., 56 Mo. App. 463; Goedecke v. Ins. Co., 30 Mo. App. 601.   The court erred in sustaining defendant's objections to plaintiff's testimony offered to show her understanding as to how payments were to be made.   Primm v. Haren, 27 Mo. 211; Wilson v. Board of Education, 63 Mo. 142; McNichol v. Pacific Exp. Co., 12 Mo. App. 407.

GIVEN CAMPBELL for respondent.

The second point made is that the court erred in sustaining respondent's objection to testimony of appellant, to show her understanding as to how payments were to be made. The authorities cited from twenty-seventh and sixty-third Missouri and from twelfth Missouri Appeal, do not in any way support the point made.   We think that it is elementary that the witness should not have been permitted to give her "understanding of the meaning of the written notice."   Pattison's Complete Mo. Dig., p. 1169, etc.; Phares v. Barbour, 61 Ill. 272; 1 Thompson on Trials, secs. 377 and 378.   The respondent had the clear legal right to exact a strict compliance with the contract (the policy) in relation to payments of premiums.   Time is of the essence of such contracts.   Ins. Co. v. Statham, 93 U. S. 24; Klein v. Ins. Co., 104 U. S. 88; Thompson v. Ins. Co., 104 U. S. 252-257; Smith v. Ins. Co., 63 Fed. Rep. (U. S. Circuit Court), 769.   The notice given January 18, 1896, was clear and in no way obscure, and was a just and proper step on the part of respondent, and after that letter was received, her duty was plain.   30 Mo. App.

601-611, *supra;* 69 Mo. 380-383, *supra;* Ins. Co. v. Bernard, 33 Ohio St. 459; Mayer v. Ins. Co., 38 Ia. 304-309; Ins. Co. v. Eggleston, 96 U. S. 572-579. The "reasonable time" objection, made in argument, was not made below. The notice of January 18, 1896, was not objected to; there was nothing obscure or technical about it, and it is well settled, that when the facts are clear and undisputed, it becomes a question of law upon those facts, what notice shall be reasonable. Tindal v. Brown, Term. Rep. 167; Ins. Co. v. Lawrence, 10 Pet. 507.

BOND, J.—Plaintiff took out a policy of insurance on her life for $1,000 in favor of her husband, in consideration of a premium of $1.50 to be paid on or before the first of each and every month during a term of ten years. For about five years after the issuance of the policy the monthly payments were paid to a collector, and in many instances such payments were made after the first day of the respective month for which they were due. On the twenty-first of January, 1896, the insurance company wrote plaintiff that the collector would not thereafter call for premiums, and if she desired to continue the policy she must in the future pay the premiums on or before the first of each month at the company's office in this city, or that they would not be accepted. Plaintiff "forgot" to attend to the matter after this letter, until the third of February following, when she went to the office of the company and tendered the premium due for that month, which was refused, and the policy was canceled, whereupon she submitted herself for examination for a new policy, and was rejected as an unsafe risk. She brings this action for $500 for the cancellation of said policy. Upon the trial the foregoing facts appear in plaintiff's admissions while testifying in her own behalf. Defendant introduced the letter received by plaintiff, and the court instructed the jury to return a verdict for the defendant. Plaintiff took a nonsuit with leave. A motion to set aside being overruled, she appealed to this court.

There was no error in the ruling of the learned trial judge. The facts justifying it were admitted by the plaintiff, and the law applicable thereto is the elementary rule that parties are bound by their contracts and can not, after committing a breach, justifying an abrogation of the contract, either recover damages for such breach, or enforce the contract. The result is the judgment is affirmed.    All concur.