## F. CARRABINE & COMPANY, Appellants, v. J. D. COX, Respondent.

### Kansas City Court of Appeals, March 1, 1909.

1. **VENDOR AND VENDEE:** Contract of Sale: Abstract: Time. A contract for the sale of land required the vendor to furnish an abstract at a given date with provision for its examination and subsequent correction. Time was the essence of the contract. No abstract was furnished at the date required. *Held,* the vendee was justified in refusing any later offer to comply with the provisions of the contract.

2. ————: ————: ————: ————: **Bond.** *Held,* further, the vendor had no right to avoid the terms of his contract by tendering a bond as provided therein to indemnify the vendee for defects of title and then take further time to furnish an abstract and a good and sufficient deed. To secure such time they should have first complied with the provisions of the contract.

3. ————: ————: ————: ————: ————: **Bills and Notes.** Parties are bound by their contracts and cannot after committing a breach justifying an abrogation thereof recover damages

for the breach or enforce the contract. *Held*, the failure of the vendor to furnish the abstract on time as agreed to constituted a failure of consideration for the vendee for advance payments on the land.

Appeal from Mercer Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*Ed. E. Aleshire, R. T. Herrick* and *S. S. Gundlach* for appellants.

(1) At the close of the evidence in this case the court should have given plaintiff's instruction that under the law and evidence they should find for the plaintiff. Harwood v. Diemer, 41 Mo. App. 48; Manufacturing Co. v. McCord, 65 Mo. App. 507. (2) We deem it unnecessary to cite authorities that the contract has to be construed by the court and not by the jury or attorneys, but we add a few. Lime & Cement Co. v. Fire Proofing Co., 77 Mo. App. 21; Meyer v. Christopher, 176 Mo. 650; Chapman v. Railroad, 114 Mo. 542. (3) The contract provides that if there are any objections to the abstract defendant shall advise plaintiffs of the defects in writing, and it is admitted by the record that no objections in writing were ever made either October 12, 1905, or February 3, 1906, yet instruction 7 says that if the plaintiffs did not ask defendant to report the objections in writing, that they waived the right to have the objections reduced to writing.

*Ira B. Hyde & Son* and *Orton & Orton* for respondent.

(1) The notes sued on and the contract for the sale of the land were all executed at the same time and together constituted one transaction. (2) There was a complete failure of consideration. Plaintiffs never owned any part of the land described in the con-

tract and which they agreed to deed to the defendant. Besides, plaintiffs have never complied with the contract as to either tract of land described, by tendering good deed and abstract of title, either at the time limited in the contract, or at any other time. (3) Plaintiffs have never complied with the contract. They have never tendered a "good and sufficient warranty deed" nor an "abstract showing good and merchantable title." In order to recover for a breach of a contract, the party complaining must aver and prove performance of the contract on his part. Billups v. Daggs, 38 Mo. App. 367; Turner v. Mellier, 59 Mo. 526; Denny v. Kile, 16 Mo. 450; Bersch v. Sander, 37 Mo. 104. (4) While time is not usually of the essence of a contract, the parties can make it so, and when they do so agree they are bound by it and a court will not interfere. The evidence shows that plaintiffs have failed to perform any material thing required of them by the contract, either at the time fixed or at any other time and that they cannot enforce the contract. Trust Co. v. York, 81 Mo. App. 346; Steam Heating Co. v. Bissell, 41 Mo. App. 430; 1 Beach on Contracts, sec. 618.

BROADDUS, P. J.—The plaintiffs, T. Carrabine and James I. Goodell, constitute the partnership of Carrabine & Co., doing business in Kansas City, Missouri. The plaintiffs sue defendant on three promissory notes of the aggregate sum of $3,000. One executed on the 18th day of August, 1905, for $300, payable on demand, bearing interest at the rate of seven per cent per annum; one for $500 of the same date due the 10th day of September, 1905, and bearing the same rate of interest; one for $2,000 of the same date payable the 12th day of October, 1905, bearing the same rate of interest and all payable to the plaintiffs.

The answer admits the execution of the notes and sets up as a defense a failure of consideration. That they were given as a part consideration for the pur-

chase price of the following real estate to-wit: The west half of section thirty-four, township twenty-eight, range eighteen, Kiowa county, State of Kansas. That plaintiff and defendant entered into a contract in writing for the sale of said land by plaintiffs to defendant for the price of $4,800; that defendant paid to plaintiffs on the purchase price the sum of $200, and executed the said notes and was to execute a note and mortgage for $1,600 when said land was conveyed to him by good and sufficient warranty deed together with abstract showing a good and merchantable title to said land. By the terms of the contract which is copied into the petition the notes in suit are described as the consideration of the purchase price stated to be $4,800, the acknowledgment of the receipt of $200 paid and a recitation that defendant was to execute a first mortgage on the land for $1,600 evidenced by two notes of $800 each due in five years from October 12, 1905.

It was a part of the agreement that plaintiffs were to furnish to defendant an abstract showing in them, or from whom the deed is to come a good and merchantable title, with ten days in which to examine it, and providing that he shall return the same to plaintiffs with his objections in writing, and also providing that the plaintiffs shall have reasonable time thereafter in which to correct any defects or objections raised as to the title, the nature and kind of objections to be taken into consideration in the length of time to be given to the plaintiffs for correcting and remedying the same. And it was further agreed that should the title to the land not be merchantable at the time mentioned for the closing of the contract, the plaintiffs shall have sufficient time thereafter to correct all such defects, either by suit to quiet title or otherwise, but in no event shall the closing of this contract be delayed beyond said date on account of any such defects of title, providing that plaintiffs at the same time and place execute to the defendant a bond in the penal sum of said

purchase price to indemnify the defendant against all damages, should plaintiff fail to make the title merchantable. And it is further provided that, if the title to the land cannot be procured the plaintiffs are to return to defendant all money received, and the contract is to be considered null and void. And it is also provided that the contract is made subject to the approval of the owner; that time shall be the essence of the agreement.

The answer alleges that plaintiffs never had title to the land, have never conveyed it to defendant, and have never furnished an abstract showing a merchantable title, and that plaintiffs have wholly failed to comply with the terms of the contract. The answer further alleges that the owner of the land has never affirmed the said contract. Defendant prays judgment for the $200 paid on the contract.

The plaintiffs filed a reply in which they admitted the execution of said contract and set up other matters among which are the following: That by a mistake there was a misdescription of the land, sold to the defendant; that they furnished defendant with an abstract of the land so sold showing a good and merchantable title and tendered him a good and sufficient warranty deed to the land sold but that defendant declined to receive the same; and that they have been at all times ready and willing to furnish defendant a good and sufficient deed and a sufficient abstract of title thereto, and that they now tender such to him.

The owner of the land sold it to one G. B. Davis after the execution of the contract in suit, who mortgaged it to secure the sum of $600, which was unsatisfied on the 12th day of October, 1905. In about three weeks thereafter plaintiffs through their agent offered to furnish a good abstract, if defendant would pay the $300 and the $500 note mentioned and tendered defendant a bond in the sum of $1,500 to indemnify defendant against loss on account of the existence of said

mortgage. The defendant declined the offer. Nothing was further done until the 3d day of February, 1906, when plaintiffs tendered an abstract which they allege was sufficient and offered to convey to defendant the land by warranty deed. The defendant refused this offer also.

Under the contract plaintiffs were given to the 12th day of October, 1905, to furnish to defendant an abstract showing a good and merchantable title to the land. They failed to tender any such abstract at that time. As the time was the essence of the contract this failure on their part was a sufficient justification to the defendant to refuse to accept any other that should be offered after that time. And the offer to furnish an abstract if defendant would pay the two notes mentioned and accept the $1,500 bond made three weeks after said date, would not have been in compliance with the contract, even had it been made at the time designated.

We do not agree with defendant's contention that plaintiffs if unable to furnish a proper abstract on the 12th of October he could only have additional time in which to perfect it, by giving the $4,800 bond mentioned. It was optional with them whether they would give it or not. Had they seen fit to do so then the transaction would have been closed with leave to them to furnish a good title within a reasonable time. They had a right to waive giving the bond and take time if their abstract was not satisfactory to make it so. But they did not have the right to let the time pass without submitting to defendant their abstract and give him the right to accept, or make his objection to it if he had any. And plaintiffs had no right under the contract to avoid its terms by tendering a bond in the sum of $1,500 to indemnify defendant against the defects of their title and then take further time to furnish an abstract and a good and sufficient deed.

If they desired such further time the contract provided how to obtain it.

Time being the essence of the contract and plaintiffs having failed in every important particular to offer to perform at the time fixed for such performance and defendant not having waived such condition the plaintiffs are not entitled to recover, and the judgment of the court should be upheld. "Parties are bound by their contracts and cannot after committing a breach justifying an abrogation of the contract, either recover damages for such breach or enforce the contract." [Sick v. Insurance Co., 79 Mo. App. 609.] .

Judgment affirmed. All concur.

PER CURIAM.—Further investigation and consideration has been given this case on rehearing, which has resulted in the conclusion that the judgment should be affirmed on the opinion already rendered.