# CAPE BREWING & ICE COMPANY, Appellant, v. FRED W. KIPPENBERG, Respondent.

**St. Louis Court of Appeals. Argued and Submitted February 2, 1915. Opinion Filed March 2, 1915.**

1. **PRINCIPAL AND AGENT: Selling Agency: Contract Construed.** A contract obligated plaintiff to advance money to defendant and to furnish him with beer and ice in his saloon business for five years, and obligated defendant to use and sell plaintiff's beer during that time, and on discontinuance of its use, to pay plaintiff a proportionate part of the money advanced. *Held*, that the contract conveyed the idea that if defendant went out of the saloon business, he would thereafter act as sales agent for plaintiff, but did not obligate defendant to see that plaintiff's beer continued to be sold exclusively in the saloon after he sold out.

2. ———: ———: ———: **Obligations of Principal.** Under a contract constituting defendant plaintiff's selling agent for beer, *held* that there was obligation on the part of plaintiff to furnish defendant with the license required by law to authorize him to act as a selling agent.

3. ———: ———: **Action for Breach: Instructions: Assumption of Facts.** In an action for the recovery of money advanced under a contract, defended on the theory that plaintiff breached the contract, so as to prevent performance by defendant, *held* that the use of the word "first" in an instruction that the burden of establishing a breach of the contract rested upon plaintiff and that he must show that defendant was the first to break the contract, and unless he did so, defendant was not liable, was not objectionable as misleading or as assuming that plaintiff breached the contract.

4. ———: ———: **Breach: Right of Recovery.** In an action by a principal to recover money advanced to his agent, pursuant to the contract of agency, defended on the theory that plaintiff terminated the agency, thereby preventing performance of the contract by defendant, an instruction that if plaintiff, without fault of defendant, terminated defendant's agency and discharged him, and defendant was ready, able and willing to continue as plaintiff's agent for the contract term, plaintiff could not recover, was correct, under the rule that a party committing a breach justifying an abrogation of the contract cannot either enforce the contract or recover damages for such breach.

Appeal from Cape Girardeau Circuit Court.—*Hon. Charles B. Faris*, Judge.

AFFIRMED.

*M. A. Dempsey* for appellant.

*Thomas B. Whitledg* and *T. D. Hines* for respondent.

REYNOLDS, P. J.—Plaintiff brought this action against defendant, averring that, on or about March 12, 1909, it had entered into a contract in writing, whereby plaintiff agreed, among other things, to pay to defendant the sum of $350, to be used by defendant in making repairs on his storage or ice house at St. Mary's, Missuri, and to furnish him with beer and ice which he might require in the conduct of his saloon business for five years at certain prices; that in consideration thereof defendant promised and agreed to use and sell the beer of plaintiff over his bar at St. Mary's during the five years, and that in the event of discontinuing the use at any time during that period, defendant promised to repay and refund to plaintiff a proportionate part of the money so advanced, at the rate of $70 a year for the unexpired period. Averring that it paid the sum of $350 accordingly and that defendant had commenced to use and sell the beer of plaintiff, as promised and agreed, and had continued to do so until April 1, 1910, but that on and after that date defendant had wholly failed to comply with his obligation that plaintiff's beer be used and sold over his bar, and that notwithstanding his failure and neglect therein defendant had refused to repay and refund to plaintiff the balance due in accordance with the provisions of the contract and that there is now due plaintiff on account thereof the sum of $275, plaintiff demands judgment for that amount.

The contract referred to was filed with the petition.

Answering this petition and admitting the execution of the contract, defendant sets up three defenses: First, that he continued to use plaintiff's beer as long as he owned the saloon and until the — day of April, 1909, when "in pursuance of the terms and permission obtained in the said contract," he had sold it to one Monier, who continued to operate the saloon as his individual property, defendant having no control over it after that sale, and that on May 5, 1910, Monier had sold the saloon to one Layton, who from the date of that sale and up to the time of filing the answer was operating the saloon, as his own individual property, free from the control of defendant; that on March 10, 1910, under the terms of the contract, defendant became the agent of plaintiff in storing, caring for and sale of the beer sold by plaintiff at St. Mary's and so continued until the — day of June, 1910, when in disregard of its duties and obligations under the contract plaintiff declined and refused to ship any beer to defendant or store the same in his ice house, thereby preventing defendant from fulfilling his duties under the contract after the — day of June, 1910, thereafter shipping and delivering all beer to be sold at St. Mary's to another party, and that since that time plaintiff had declined and refused to carry out the terms of the contract between them. As another defense defendant pleaded that on September 7, 1910, he had paid plaintiff the sum of $81.48, in full of all demands to that date of plaintiff against defendant, which sum was accepted by plaintiff and receipted for in full of all demands of plaintiff from defendant to that date.

It appears that the court, by an instruction, directed the jury that the fact that defendant had sold his saloon and that the purchaser failed to use and sell over his bar the beer of plaintiff exclusively, if the jury found that to be a fact, did not relieve defendant from the obligation of his contract and did not consti-

tute a defense to the action. As to the defense of ac-
cord and satisfaction, the court instructed the jury
that the payment of $81.48 and its receipt did not con-
stitute a defense to plaintiff's· claim.

This left for the determination of the jury the
question as to who had first breached the contract. The
evidence is not very satisfactory on this. It may be
said of it that there was evidence tending to show that,
after defendant had sold his saloon in April, the party
to whom the ownership of the saloon passed did not
sell the beer of plaintiff over his bar exclusively. On
this point we are compelled to differ from the learned
trial court. We do not think that the contract obligated
defendant to see that plaintiff's beer continued to be
sold exclusively over that bar after defendant sold out.
The contract seems to convey the idea that if defendant
went out of the saloon business, as it was contemplated
he would, that thereafter he would act as sales agent
for plaintiff. But there is nothing in the contract that
obligated defendant to see to it that no beer other than
that of plaintiff should thereafter be sold over that
bar.

The evidence as to the termination of the agency
of defendant is conflicting. That of defendant is that he
was arbitrarily discharged without cause. Plaintiff's
version of the transaction is that defendant's license as
a selling agent expiring June 30, 1910, defendant claim-
ed that plaintiff should pay for the renewal of the
license. Plaintiff declining to do this and denying that
it was under obligation to do so under its contract, de-
fendant refused or, at any rate, failed to take out a
license as required by the State law which would au-
thorize him to act as selling agent for plaintiff. The
trial court properly instructed the jury that under the
contract in evidence there was no obligation on the
part of plaintiff to furnish defendant with a license.
The case, in this state of the evidence, was for the jury.

At the instance of defendant the court, among other instructions, gave this, in substance, to the jury: That the burden of establishing a breach of the written contract between the parties rests upon plaintiff and that to recover in this action it devolves upon plaintiff to show by the greater weight of evidence that defendant "was the first to break said written contract and unless you believe from the evidence that plaintiff has shown by a preponderance or greater weight of the evidence that defendant was the first to break said written contract your verdict will be for defendant." Plaintiff complains that the use of the word "first" was misleading and tended to convey to the jury the idea that plaintiff may have itself breached the contract. We do not think this is a correct inference.

Another instruction, given by the court of its own motion, was to the effect that if the jury believed and found from the evidence that plaintiff, without fault of defendant, terminated its agency at St. Mary's and discharged defendant, and defendant was, at the date of the discharge, ready, able to and willing to continue to act as plaintiff's agent for the full term of five years from the date of the contract between them, plaintiff cannot recover and the verdict of the jury should be for defendant. We see no objection to this instruction.

Counsel for respondent rely for support of these two instructions on Sick v. Covenant Mutual Life Ins. Co., 79 Mo. App. 609, l. c. 612, and Carrabine & Co. v. Cox, 136 Mo. App. 370, l. c. 376, 117 S. W. 616. The part relied upon in these two cases is to the effect that "parties are bound by their contracts and cannot, after committing a breach justifying an abrogation of the contract, either recover damages for such breach or enforce the contract." There is no doubt of the soundness of this rule, and we think it applicable here.

As this disposes of the errors relied upon by the appellant, it is unnecessary to discuss or decide other points made. Finding no reversible error, the judg-

ment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.