MARGARET LANGDON v. SARAH F. KLEEMAN et al.; DIERKS & SONS LUMBER COMPANY et al., Appellants.

Division Two, May 19, 1919.

1. **MECHANIC'S LIEN:** Initial Date. A mechanic's lien dates from the commencement of the work on the building or the furnishing of the materials therefor.

2. ———: **Deed of Trust: Priority.** If the furnishing of materials and the commencement of work of the building antedated a deed of trust, the mechanic's liens are entitled to priority over the lien of the payee of the note secured by a recorded deed of trust, if made a party to the suit within ninety days after the filing of the mechanic's liens.

3. **WAIVER: Proof: Implication.** Waiver is essentially a matter of intention. It may be shown by the acts and conduct of the parties, and under some circumstances by their non-action; but their acts or omissions, to be construed as waivers, must be so manifestly consistent with and indicative of an intention to relinquish the particular right or benefit, that no other reasonable explanation of their conduct is possible. Waiver by implication must be determined by the facts and circumstances of each particular case, and will not be presumed in the absence of evidence clearly tending to show it.

4. **MECHANIC'S LIEN: Deed of Trust: Priority: Waiver.** After the commencement of work on the building and the furnishing of materials the owner of the property executed a deed of trust thereon, which was duly recorded, and the note thus secured was later transferred to another and thereafter the mechanics and materialmen, without knowledge that the mortgage note had been transferred, began their suits to enforce mechanics' liens, making the trustee and payee of the note parties, but the transferee was not made a party within ninety days after filing the liens. *Held,* that the failure of the lienors to make the transferee a party did not amount to a waiver of the priority of their liens, but arose out of ignorance of the assignment of the note; and having timely brought in the transferee after a discovery of the assignment, their liens should be given priority over the deed of trust.

5. ———: **Parties to Suit.** In a suit to enforce a mechanic's lien the statute (Laws 1911, p. 314) requires that only those persons who are parties to the record or whose existence or interest is known or ascertainable are to be made defendants.

Appeal from Jackson Circuit Court.—*Hon William O. Thomas,* Judge.

Reversed and remanded.

*Cooper, Neel & Wright, Thomson, Dew & Brasher, W. A. Harnsberger, Davis & Woodruff, Alfred Gregory,* and *J. Stanley Bassett* for appellants.

(1) When a mechanic's lien claimant makes the trustee and beneficiary in the deed of trust as shown

by the records in the recorder's office, parties to his suit within ninety days after the filing of his lien statement, if it would be prior and superior to the mortgage otherwise, is prior and superior to the mortgage even though the record owner of the note has transferred same to someone not disclosed by the records, and there is no evidence that the lien claimant knew of the transfer of the note, and has no means of knowing and said undisclosed owner of the note and deed of trust is not made a party to the suit. Redlon v. Badger Lbr. Co., 194 Mo. App. 650; Hilton v. Smith, 134 Mo. 499; State ex rel. Hunt v. Sack, 79 Mo. 661; Payne v. Lott, 90 Mo. 676; Vance v. Corrigan, 78 Mo. 94; Nolan v. Taylor, 131 Mo. 224.   (2) The assignee of the note, Sarah Kleeman, had actual knowledge and notice, through the personal inspection of her agent, L. F. Kleeman, that the building had been in process of erection during the six months immediately preceding her purchase of the note and that the building was not completed at the time she purchased the note and the deed of trust; and therefore she would be held to know that there might be rights of lien in existence against the same. Redlon v. Badger Lbr. Co., 194 Mo. App. 650.   (3) Under the Act of 1911, under which this suit was brought, it was only necessary to make such parties defendants as may be disclosed by the proper public records. Laws 1911, p. 314, sec. 8235b.

*Rees Turpin* and *Thomas H. Reynolds* for respondent.

(1) Full compliance with the statute is necessary to create and preserve a mechanic's lien. Rude v. Mitchell, 97 Mo. 365; Grace v. Nesbitt, 109 Mo. 9; Badger Lumber Company v. Staley, 141 Mo. App. 295; Hiller v. Schulte, 184 Mo. App. 42. (2) The interest of one not made a party to a suit to enforce a mechanic's lien within ninety days after the lien in filed is not bound by the lien. Secs. 8221, 8228, R. S. 1909; Sec. 8235h, p. 409, Laws 1913; Bombeck v. Devorss, 19 Mo. App. 38; Fury

v. Boeckler, 6 Mo. App. 24; Rumsey v. Pieffer, 108 Mo. App. 486; Lumber Co. v. Staley, 141 Mo. App. 295; Hiller v. Schulte, 184 Mo. App. 42; Weis Cornice Co. v. Neevel, 187 Mo. App. 496; Lumber Co. v. Schafer, 251 Mo. 539; Utah Implement-Vehicle Co. v. Bowman, 209 Fed. 942. (3) Respondent was not made a party to any action to enforce any mechanic's lien within ninety days after it was filed and her interest in the property is not bound by any lien. Hokanson v. Gunderson, 54 Minn. 499; Crandall v. Cooper and Clark, 62 Mo. 478; Hicks v. Scofield, 121 Mo. 381; Russell v. Grant, 122 Mo. 161; Crawford v. Aultman & Co., 139 Mo. 262; Riverside Lumber Co. v. Schafer, 251 Mo. 539; Badger Lumber Company v. Staley, 141 Mo. App. 295. (4) Making the original payee and the trustee named in the deed of trust parties did not make respondent a party to the lien suits and did not affect her interest. Boatman's Savings Bank v. Grewe, 84 Mo. 477; Rogers v. Tucker, 94 Mo. 346; Crawford v. Aultman & Co., 139 Mo. 262; Landau v. Cottrill, 159 Mo. 308; McCauley v. Brady, 123 Mo. App. 558; McLaren v. International Real Estate & Improv. Co., 126 Mo. App. 254; Sec. 1776, R. S. 1909; Peniston v. Hydraulic Press Brick Company, 234 Mo. 698; Borgess Inv. Co. v. Vette, 142 Mo. 560; Rogers v. Tucker, 94 Mo. 346; Hower v. Erwin, 221 Mo. 93; Henry v. Woods, 77 Mo. 277; Coe v. Armour Fertilizer Works 237 U. S. 413; State ex rel. Kane v. Johnson, 123 Mo. 43. (5) No mechanic's lien can be established in this suit because it was commenced more than ninety days after the last lien was filed and no judgment in the various law suits can be forced against respondent because she was not a party to any of them. Matthews v. Stephenson, 172 Mo. App. 220; Wycoff v. Hotel Co., 146 Mo. App. 554; Falconer v. Cochran, 68 Minn. 405; Utah Implement-Vehicle Co. v. Bowman, 209 Fed. 942; Russell v. Grant, 122 Mo. 161; Hiller v. Schulte, 184 Mo. App. 42; Nold v. Ozenberger, 152 Mo. App. 439; McLundie & Co. v. Mount, 145 Mo. App. 660. (6) Even in an equity suit commenced in time and complying with the Law of 1911

a purchaser of a note secured by deed of trust is not bound by making the original payee a party after such purchase. Lipscomb v. Talbott, 243 Mo. 1; Hagerman v. Sutton, 91 Mo. 519; Hower v. Erwin, 221 Mo. 93; Smith v. Boyd, 162 Mo. 146; Jackson v. Johnson, 248 Mo. 680; Bell v. Ham, 188 Mo. App. 71; Blevins v. Smith, 104 Mo. 583; McCreary v. Lewis, 114 Mo. 582; Wilcox v. Phillips, 260 Mo. 664; Conn. Mutual Life Ins. Co. v. Smith, 117 Mo. 261; Sec. 1776, R. S. 1909.

WALKER, J.—This is an appeal from an action brought in the Circuit Court of Jackson County, at Kansas City, under the statute in relation to Liens of Mechanics & Materialmen, Article 3, Chapter 74, Revised Statutes 1909, as amended, Laws 1911, p. 314, providing for the institution of suits for the adjudication of the rights, interests and liens of mechanics, and of other claimants therein specified. Margaret Langdon, plaintiff in the action below, was the owner of the property involved herein, located in Kansas City. The contracts made by the lien claimants were entered into by them with her, through Thomas Kelly, her brother, as her agent. The work was commenced in the erection of a building on the property in July or August, 1912. On January 2, 1913, Margaret Langdon executed a deed of trust, recorded January 4, 1913, to one Thompson, as trustee, to secure a note for $12,500, made to the Pratt-Thompson Investment Company. On April 21, 1913, the Investment Company sold the note to Sarah F. Kleeman, the respondent. There was no record of this transfer. Prior to the purchase of the note, Sarah Kleeman's husband, acting as her agent in the matter of the purchase, went out and examined the property, and saw the building was then in process of erection.

Thereafter, various claimants filed mechanics' liens against the property as contractors for some portion of the improvement, and brought separate suits to enforce their respective liens, making the owner of the property, Thompson the trustee and the Investment Company de-

fendants. Later, the suit at bar was brought by Margaret Langdon, the owner of the property, and it having been discovered before the trial that Sarah Kleeman was the assignee and holder of the note, she was made one of the defendants. The circuit court held the mechanics' lien valid against the property, but that the lien of the deed of trust was superior thereto. The effect of this finding was that the liens of claimants were held to attach to the equity of redemption, but did not bind the interest of the respondent in the property, because she, as the holder of the note and deed of trust, was not made a party to the proceedings to enforce the mechanics' liens within ninety days after the filing of same. Seven of the lien claimants appealed from this judgment.

The facts summarized, therefore, are that the lien claimants, in suits to enforce their liens, made the owner of the property and the trustee, and the beneficiary in the deed of trust to whom the note was made payable, parties defendants, but did not thus make the assignee of the note, because of a lack of knowledge or any means of knowing of the assignment to her of the note and deed of trust securing same. The question seeking review, therefore, is. whether the liens of the lien claimants are entitled to priority over that of the assignee of the note and holder of the deed of trust.

I. It is well settled law in this State that a mechanic's lien dates from the commencement of the work on the building, or the furnishing of the materials therefor. [Riverside Lbr. Co. v. Schafer, 251 Mo. 1. c. 548 and cases.]

**Priority of Liens.**

The furnishing of the materials and the commencement of the work in this case antedated the deed of trust. As between the mechanics' liens and that of the original payee in the note, in whose behalf the deed of trust was made, the former were entitled to priority over the latter.

Respondent, as assignee of the note, contends that this does not affect her rights, because the statute (Sec.

8221, R. S. 1909) requires that in all suits to enforce liens of this character, the parties to the contract and all other persons interested in the matter in controversy, or in the property charged with the lien, may be made parties, and such as are not so made shall not be bound by the proceedings; and that, not having made the respondent a party defendant within the ninety days after the filing of the liens as required by Section 8228, Revised Statutes 1909, they waived their original priority.

Waiver is essentially a matter of intention. It need not be proved by express declarations, but may be shown by the acts and conduct of the parties, or even under some circumstances, by their non-action. Whatever parties do or forbear to do, therefore, their acts or omissions, to be construed as waivers, must be so manifestly consistent with and indicative of an intention to relinquish the particular right or benefit, that no other reasonable explanation of their conduct is possible. [Mich. Sav. & L. Assn. v. Trust Co., 73 Mo. App. l. c. 165; Stiepel v. Life Assn., 55 Mo. App. 224; Hurley v. Farnsworth, 107 Me. l. c. 309; Berman v. Fra. Health & Accdt. Assn., 107 Me. 373; Parsons v. Lane, 97 Minn. l. c. 104; Kiernan v. Ins. Co., 150 N. Y. l. c. 194.]

Although it is evident from the general principles above announced that a waiver may be created by implication, the question as to whether or not it exists in a particular case, being one of intention, must be determined by the facts and circumstances of that case (Mims v. Macon Railroad Co., 3 Ga. 333; Pope v. Graham, 44 Tex. 196; Stribling v. Coal Co., 31 W. Va. 82; Avery v. Hackley, 20 Wall. [U. S.] 407); and in no case will a waiver be presumed in the absence of evidence clearly tending to show it (Muench v. Valley Nat. Bank, 11 Mo. App. 144).

The affirmative facts in the instant case disclose no intention indicative of a waiver. The lien claimants, in their suits to enforce their liens, made defendants of all parties who within their knowledge or in the exercise of reasonable diligence they were enabled to determine

had any interest in the controversy or the property charged with the liens.  To have done less than this, in the face of a plain statutory requirement, and a knowledge of the existence of other necessary parties defendant, would have constituted a willful and deliberate abandonment of that priority in the enforcement of their claims accorded to them by the law.  The dominating influence of self-interest, based on average human experience, that a prior right will not be relinquished without reason, sustains the conclusion that such was not their purpose.  In the absence of any fact affirmative or implied, the only possible presumption of waiver must be based on the fact alone of the failure to make the assignee of the note a party defendant.  The reason for this failure could not have been, as we have shown, intentional; nor could it have been, under the facts, inadvertent.  It simply arose from the lienors' ignorance of the assignment of the note, a fact of which they could not have become cognizant, and of which they had no right to assume existed unless the original payee or the assignee chose to inform them.

The law in conferring a right or prescribing a duty, does not require the impossible.  However strict a statute may be, it should not be so construed as to deny the rights it confers to those who, within the range of reasonable possibility, have complied with all of its requirements.

In the absence, therefore, of any knowledge or a means of obtaining same, of the existence of the assignment, the lienors cannot be said to have manifested any intention in not making the assignee a party defendant.  Without such an intention, which under any circumstances must be held to be a sentient act, there is no ground upon which to base the presumption of a waiver.  The lienors, therefore, in the enforcement of their liens, not only as to the parties made defendants, but in the timeliness of their actions, sufficiently complied with the statutes (Secs. 8221, 8228) in instituting their suits within ninety days after the liens had been filed, and by making

every party a defendant who, by the exercise of diligence, could have been ascertained to have an interest in the controversy, and in the property sought to be subjected to the liens.

This is the evident meaning and purpose of the amendatory statute (Laws 1911, p. 314) in regard to the adjudication and determination of liens of this character, which provides that "all persons . . .having any rights in . . . said property to be affected . . . as may be disclosed by the proper public records, shall be made parties. Any person, lien claimant or other, having any rights in, to, against or upon said property and any of it whose rights are not disclosed at the time of bringing of said action by the proper records, shall be bound by the proceedings, orders and judgments in said action." [Sec. 8235b, Laws 1911, p. 315.]

Except in the well considered case of Redlon v. Badger Lbr. Co., 194 Mo. App. 650, 189 S. W. 589, the question here involved has not, under a like state of facts, been determined here or elsewhere. In the Redlon case, TRIMBLE, J., speaking for the court, said in effect, that in a suit to enforce a mechanic's lien, where the owner of the property and all of the parties to a deed of trust on same, including the record owner of the note and the trustee were made defendants, a judgment in favor of the lienor was held not to be void as to an assignee of a note, secured by a deed of trust on the property, who had not been made a party defendant because his existence was unknown at the time of the institution and prosecution of the suit. A claim of the lienor, under the mechanics' lien law, having attached before that of the deed of trust, it was held under the amendment to that law (Laws 1911, p. 315) that it was only required of the lienor to make defendants of those who were parties to the record or whose existence was known or could have been ascertained.

The contention of the assignee of the note in that case was based on the failure of the lienor to make him

Langdon v. Kleeman.

a party. The court in discussing this question, page 659, says: "If plaintiffs are correct in their contention that the lien judgment is void as to them notwithstanding the circumstances of this case, then such a rule puts it in the power of the assignee of a mortgage, that in its inception was subsequent to a mechanic's lien right, to entirely defeat such right as to the mortgagee by remaining hidden or by transferring the note to other undisclosed assignees, so that the real note-holder cannot be sued until the ninety days are up. The assignee of a note secured by deed of trust on real estate is a person interested in the property. All persons interested in the property must be made parties and suit must be brought against them in ninety days. Therefore, according to plaintiff's contention, regardless of whether the lien claimant has notice of an assignment of the mortgage or not, he must at his peril ascertain whether it has been assigned or not, and must within the ninety days discover who the hidden assignee is and make him a party or he will lose his lien right as against such hidden assignee even though the assignee took a note the security for which was burdened with a lien right at the time the deed of trust or mortgage was given. We do not think the lien law should be given any such construction, but that the same construction should be placed on it as was placed on other statutes in relation to the enforcement of other liens, and that the Legislature recognized this principle in the Act of 1911. We are also of the opinion that there is nothing in the cases decided by the Supreme Court and hereinbefore cited which hold contrary to the view herein taken."

While the conclusion in the Redlon case is in terms based on the construction of a statute (Sec. 8235b, supra), it must in reason find its fundamental support, as is evident from the quotation therefrom, in the original and persistent priority of the mechanics' liens over that of the deed of trust, which having attached, is not interfered with where the lienors have without dereliction conformed to all of the requirements of the statute in

the perfection of their liens; and it is evident that the failure to make the assignee of the note a party defendant was due, so far as the lien claimants are concerned, to the fact that they had no means of ascertaining the existence of the assignee. Thus situated, and all reasonable diligence having been shown by them to enforce their liens in conformity with the statute, we decline to rule against their priority. To hold otherwise would be, in applying the canons of construction, sticking in the bark, and in practically placing the assignee of a note secured by a deed of trust in a superior position, as regards the prior lienors, to that of the original payee. · That the latter, if there had been no assignment of the note, could have successfully asserted a waiver of the prior lien if not made a party defendant to its enforcement, there is no question. This, upon the assumption that her existence was of record, and the lien claimants were required to take notice of same; but, if she had kept her deed off the record and had otherwise concealed her existence, she would not be heard to assert the right to have been made a party to the enforcement of the mechanics' liens. It cannot be reasonably contended, therefore, that the assignee who, it may be admitted, has equal rights in the premises with the original payee, has greater. To construe the statute as contended for by respondent, therefore, would be but to observe the letter but ignore the spirit and purpose of the law. Are we not told, possibly in one of the Pauline Epistles, that "the letter killeth, but the spirit giveth life"? Nowhere is this aphorism more apt than in the interpretation of a law, the purpose of which is to accord and assure a right upon a reasonable compliance with the terms upon which it has been granted. This having been done, we will brush aside the insistence as to the necessity of making the assignee a party, where, as here, it will result in her securing a prior lien to which we hold she is not justly entitled.

II.  A review of the testimony discloses no lack of material facts to sustain the establishment of the mechanics' liens.  The trial court so found.

The error in the ruling of the trial court, as to the priority of the lien of the deed of trust, necessitates a reversal and a remanding of this cause on behalf of the appealing lien claimants with whose claims we are alone concerned; and it is ordered that a judgment be entered up in conformity with our conclusions herein.  All concur.