Justin C. BERGER and Kathleen Berger, Plaintiffs-Respondents,

v.

McBRIDE & SON BUILDERS, INC., a Corporation, Defendants-Appellants.

No. 33373.

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 14, 1969.

Application to Transfer Denied Dec. 9, 1969.

David G. Dempsey, Clayton, for defendants-appellants.

John F. Nangle, Clayton, for plaintiffs-respondents.

DOERNER, Commissioner.

This case comes to the writer by a recent reassignment. Plaintiffs, who are husband and wife, brought this action for money had and received to recover the sum of $1650 they paid to defendant as earnest money under a contract for the sale of real estate. Defendants claim a forfeiture because of plaintiffs' breach of the agreement. A jury was waived, and after a trial the court entered a judgment in favor of plaintiffs, in general terms, for the amount of the deposit, together with interest thereon of $149.40, or a total of $1799.40, from which defendant appeals. We affirm.

The agreement between the plaintiffs as Purchaser and the defendant as Seller, dated April 29, 1966, contains the provision that, "This contract is contingent upon Seller being able to obtain 30 year financing for the Purchaser in at least the amount of $15,750.00 and if such financing cannot be obtained by May 20, 1966, this contract shall be deemed cancelled and all moneys received from Purchaser hereunder will be refunded, less expense charges incurred attempting to secure financing." Such a provision in a contract is a condition subsequent, that is, one which by its express terms provides for an ipso facto cancellation on the happening or non-occurrence of a stipulated event or condition. 17A C.J.S. Contracts § 339, p. 323; Restatement of the Law of Contracts, § 250.

For examples of a condition subsequent see Darby v. Northwestern Mut. Life Ins. Co., 293 Mo. 1, 239 S.W. 68, 21 A.L.R. 920; United States Casualty Co. v. Kacer, 169 Mo. 301, 69 S.W. 370, 58 L.R.A. 436; Krug v. Bremer, 316 Mo. 891, 292 S.W. 702. Defendant concedes that it did not obtain the required financing for the plaintiffs by May 20, 1966, and it produced no evidence that it had incurred any expense in attempting to secure financing. It follows, therefore, that by reason of defendant's failure to obtain the stipulated financing for plaintiffs by May 20, 1966, the contract terminated on that date, and plaintiffs thereupon became entitled to the return of the $1650 they had paid defendant as earnest money.

Defendant seeks to justify its refusal to refund on the ground that plaintiffs waived defendant's performance of the contract. The undisputed evidence was that one or two days after the execution of the sales contract on April 29, 1966, plaintiffs filled out, in defendant's office, a form supplied by defendant for an application to Missouri Savings Association for a loan of $15,750. Prior to May 20, 1966, Missouri Savings advised both defendant and plaintiffs that it would make the loan requested provided that $1,000 of the $15,750 be kept on deposit with it in a collateral account, so that the net loaned would be only $14,750. Those terms, of course, did not meet the financing defendant was required to procure for plaintiffs. Defendant took no action at any time on the loan commitment offered by Missouri Savings. Around May 22, or 23, 1966, plaintiffs received a telephone call from a man at Roosevelt Federal Savings and Loan Association who said that defendant wanted plaintiffs to make an application with that institution for a loan. Plaintiffs telephoned defendant, who confirmed that it wanted plaintiffs to make the application and cautioned plaintiffs to say nothing to Roosevelt Federal about the prior application made to Missouri Savings. Plaintiffs went to Roosevelt Federal on May 28, where they completed the necessary application. Two or three days later Roosevelt Federal advised plaintiffs by telephone that it would not make the loan. Plaintiffs continued to call defendant regarding the loan, but never received any definite answer. On June 2, 1966, Mr. Berger telephoned defendant to talk about a payment which was coming due on a deed of trust on a house in Troy, Missouri, which plaintiffs owned. During the conversation Mr. McBride informed Mr. Berger that McBride & Son Carpenters, another of defendant's associated companies, would make the loan. Mr. Berger was noncommittal, and a short while later, after discussing the matter with his wife, he telephoned Mr. McBride back and demanded the return of the earnest money. Mr. McBride testified that during the first telephone conversation on June 2, Mr. Berger agreed that the sale would be closed on June 4. Mr. Berger denied, as did Mrs. Berger, that they had ever agreed to close on June 4 or any other day.

■■ Defendant argues that by acceding to defendant's request to apply for the loan from Roosevelt Federal after May 20, 1966, the plaintiffs waived defendant's failure to obtain financing for plaintiffs by that date. Waiver is the intentional relinquishment of a known right, Wall Inv. Co. v. Schumacher, 344 Mo. 225, 125 S.W. 2d 838; Drannek Realty Co. v. Nathan Frank, Inc., 346 Mo. 187, 139 S.W.2d 926; and is essentially a matter of intent, Langdon v. Kleeman, 278 Mo. 236, 211 S.W. 877; Farrar v. Mayabb, Mo.App., 326 S.W. 2d 337. While a waiver may be either express or implied, Biggs v. Modern Woodmen of America, 336 Mo. 879, 82 S.W.2d 898, where, as here, no express waiver is shown, it is said that to show an implied waiver, " * * * Whatever parties do or forbear to do, therefore, their acts or omissions, to be construed as waivers, must be so manifestly consistent with and indicative of an intention to relinquish the particular right or benefit that no other reasonable explanation of their conduct is possible. * * * " Langdon v. Kleeman, 211

S.W. 877, 878. We cannot agree that by acquiescing in defendant's request to apply for a loan at Roosevelt Federal, made two or three days after May 20, 1966, the plaintiffs intended to definitely and conclusively forever waive their right to the refund of their deposit for defendant's failure to furnish financing on or before the time stipulated. See Thomas J. Johnson & Co. v. Mueller, 356 Mo. 1109, 205 S.W.2d 521, 529.

█ Furthermore, and of greater importance, the contract having terminated on May 20, 1966, according to the provision noted, the so-called waiver did not revive it. In Williston on Contracts, Rev.Ed., Vol. Three, § 667, p. 1917, the author states:

" * * * Thus, where a clause in a contract is interpreted as making it void or automatically cancelled upon the happening of a certain contingency, an attempted waiver after the occurrence of the condition can be supported, if at all, only as the re-creation of a contract, for, the old contract having ceased to exist, only a new contract can reinstate the respective rights and duties. * * * "

No consideration to support the claimed waiver was shown, nor did the evidence show the making of a new contract to reinstate the respective rights and duties of the parties. Darby v. Northwestern Mut. Life Ins. Co., 293 Mo. 1, 239 S.W. 68, 21 A.L.R. 920.

█ Lastly, and perhaps unnecessarily, we may also point out that in the absence of any evidence that defendant sustained any damage the forfeiture clause upon which defendant relies, while using the term "liquidated damages" is actually a penalty, and hence unenforceable. Corrigan Company Mechanical Contractors, Inc. v. Fleischer, Mo.App., 423 S.W.2d 209.

For the reasons stated the judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment affirmed.

WOLFE, P. J., BRADY, J., and NORMILE, Special Judge, concur.