**MISSOURI NATIONAL LIFE INSUR-ANCE COMPANY, Respondent,**

v.

**EXECUTIVE AGENCIES, INC., et al.,
Appellants.**

No. 35054.

Missouri Court of Appeals,
St. Louis District,
Division 2.

Sept. 17, 1974.

Levy & Craig, Paul Margolis, Jr., Richard Shteamer, Kansas City, for respondent.

Dempsey, Dempsey & McCarthy, David G. Dempsey, Clayton, Goldenhersh & Newman, St. Louis, for defendants-appellants.

CLEMENS, Judge.

Plaintiff insurance company sued in equity to restrain its former general agent and the agency's employees from purporting to act as plaintiff's agents. The trial court so enjoined defendants. By a sepa-

rate count plaintiff sought and was awarded $1,000 actual and $1,000 punitive damages.

The corporate defendant (hereafter referred to in the singular as defendant) counterclaimed for an accounting and damages for renewal commissions accruing *after* plaintiff had terminated defendant's agency. The trial court found defendant's claim was unenforceable because defendant had breached the agency contract and denied defendant's counterclaim.

Defendants appeal, contending primarily that the injunctive relief was untimely since defendants' complained-of conduct had long since ended and was unlikely to recur. Secondly, that its breach of the agency contract did not forfeit its renewal commissions since (1) that penalty was disproportionate to the plaintiff's damages; (2) defendant's right to collect renewal commissions was independent of its breach and (3) the agency contract's forfeiture clause did not nullify that right. We deny each contention and affirm plaintiff's judgment. A brief recital of the evidence will suffice for ruling these points.

Plaintiff insurance company and defendant general agent executed an agency contract on June 1, 1965 whereby defendant agreed to faithfully perform its agency and to exert its full business time to plaintiff's business. A year later plaintiff exercised its option to terminate the agency contract. Plaintiff sued for injunction and damages arising from defendants continuing to claim they represented plaintiff. Defendants counterclaimed for renewal commissions allegedly accruing *after* the termination.

We paraphrase the pertinent parts of the termination provision: Termination will not affect payment of commissions and renewals unless plaintiff is prejudiced by any of the following acts, in which case *compensations otherwise payable automatically become nonpayable*: If defendant attempts to induce or induces any policyholder to relinquish any of plaintiff's policies or if defendant commits any fraudulent act.

We recite and accept the trial court's findings which our transcript study supports: Before the agency contract was terminated defendants began to write insurance policies for another company, the Missouri Supreme Life Insurance Company; defendants engaged in deceptive practices by contacting plaintiff's policyholders in order to write business for Missouri Supreme Life in such manner as to confuse these policyholders into believing plaintiff and Missouri Supreme were the same company; defendants used sales materials and application forms so deceptively similar to plaintiff's that plaintiff's existing and prospective policyholders were confused and misled; defendants attempted to induce and did induce plaintiff's policyholders to cancel plaintiff's policies so they could be rewritten in the name of Missouri Supreme; defendants obstructed plaintiff's business by misrepresenting to plaintiff's policyholders that plaintiff was insolvent and could not furnish services provided for in the policies and plaintiff's rates were too high; all resulting in plaintiff sustaining $1,000 actual damages and being entitled to $1,000 punitive damages.

On this appeal defendant first contends injunctive relief was improper since the conduct complained of had long since ceased, citing Lademan v. Lamb Construction Co. et al., 297 S.W. 184[2] (Mo.App. 1927). Plaintiff filed suit in 1966 promptly after it terminated defendant's agency; the suit was tried five years later. The record shows that in the interim defendants continued their wrongful conduct from time to time for three years after plaintiff filed suit. Granting that enjoinable acts complained of should be those apt to continue or recur, we do not believe the trial court abused its discretion in finding injunctive relief was timely—particularly so since defendants show no prejudice thereby. Defendants' initial point is denied.

■ Concerning the denial of its counterclaim, defendant contends plaintiff cannot claim a forfeiture under the agency contract unless plaintiff shows its damage was commensurate with the "penalty assessed against defendant." Defendant contends that penalty was the denial of its counterclaim for post-termination renewal commissions. The only definite statement about the parties' financial standing *inter se* was plaintiff's evidence defendant owed it $3,631.10. In the argument section of defendant's brief it argues, without transcript reference, that its evidence showed plaintiff owed defendant more than $13,000. The record affords no basis for determining the comparison because evidence of the amounts of both plaintiff's and defendant's damages are not sufficiently developed. We deny defendant's contention of disproportionate damages.

■ Defendant next contends plaintiff's promise to pay renewal commissions was an independent rather than a dependent obligation. Defendant contends it need not therefore prove complete performance to be entitled to the renewal commissions, citing 17 Am.Jur.2d Contracts, § 362. An independent covenant is one that is subordinate and incidental to the main purpose of a contract, (17A C.J.S. Contracts §§ 344, 425). By the terms of the agency contract here commissions were payable to defendant "subject to the terms and conditions of this agreement." The contract further declared if defendant acted contrary to its terms (and the trial court so found) "compensations that might otherwise be due the General Agent will immediately and automatically become non-payable." We hold plaintiff's promise to pay defendant renewal commissions was a dependent, not an independent, obligation.

Defendant's faithful performance of the agency agreement was a condition subsequent, i. e., a condition which if not kept defeated defendant's right to renewal commissions. As we said the comparable case of Berger v. McBride & Son Builders, Inc., 447 S.W.2d 18[1–3] (Mo.App.1969), where a contract to purchase real estate was conditioned on obtaining financing: "Such a provision in a contract is a condition subsequent, that is, one which by its express terms provides for an ipso facto cancellation on the happening or nonoccurrence of a stipulated event or condition." So it is here.

Judgment affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.