Steven A. ERRANTE, and Kathy A. Errante, Plaintiffs-Respondents,

v.

KADEAN REAL ESTATE SERVICE, INC., and Kadean Construction Compa-ny, Inc., Defendants-Appellants.

No. 46477.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 10, 1984.

Marc L. Sandberg, St. Louis, for defendants-appellants.

Edward C. Cody, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Judge.

Plaintiffs-respondents, (respondents) brought an action for damages for breach of contract against defendants-appellants, (appellants). Appellants brought an action for breach of contract against respondents which was consolidated with respondents' cause of action. Appellants appeal from an adverse verdict and judgment awarding respondents two thousand dollars ($2,000) for damages on respondents' claim and from a directed verdict in favor of respondents on appellants' counterclaim for breach of contract. We affirm.

On or about May 28, 1979, respondents went to the real estate office operated by appellants. The respondents executed a contract for the construction and purchase of a home for $82,310 and deposited $100 to secure a specific lot. This contract was expressly contingent upon the sale of the respondents' home on or before July 10, 1979.

On or about July 23, 1979, appellants received a loan commitment from Missouri Savings Association, indicating that a loan was available contingent upon the sale of the respondents' home. On July 28, 1979, at the instance of appellants' agents the respondents paid an additional sum of $1,900 as earnest money.

The respondents testified that they informed appellants that their house was not sold. Appellants' witnesses testified that they "assumed" the sale had occurred but acknowledged that they knew the contract was no longer operative after July 10, 1979.

At the close of all the evidence, the trial court sustained respondents' motion for a directed verdict against appellants' claim for breach of contract theory.

The jury returned a verdict in favor of respondents for $2,000 against appellants. The trial court sustained respondents' post-trial motion for additur of 9% prejudgment interest.

This appeal follows. Appellants contend that the trial court erred in 1) directing a verdict in favor of respondents on appellants' counterclaim; 2) refusing appellants' affirmative defense instruction on waiver of a provision in the sales agreement; 3) modifying the jury verdict by adding pre-judgment interest to the amount of the verdict; and 4) instructing the jury under MAI 26.02, breach of a bilateral contract-breach sole issue.

In viewing appellants' first point, we must consider the evidence in the light most favorable to them and must accord to them the benefit of all supporting inferences fairly and reasonably deducible from the evidence. *Dudley v. Dumont,* 526 S.W.2d 839, 843 (Mo.App.1975).

Appellants argue that the trial court erred in sustaining the motion for directed verdict against them because all of the elements of a valid contract existed and the respondents breached the contract. The pertinent provision of the contract at issue is as follows: "this contract is contingent upon the sale of the purchaser's property located at 1606 Stocksdale by July 10, 1979, and if not sold by that date this contract is to be considered null and void, and earnest money to be returned." In *Berger v. McBride & Son Builders, Inc.,* 447 S.W.2d 18, 19 (Mo.App.1969), a case dispositive of the issues herein, our court interpreting a similar contingency provision stated that "such a provision in a contract is a condition subsequent, that is, one which by its express terms provides for ipso facto cancellation upon the happening or non-occurrence of a stipulated event or condition." *Id.* at 19 citing 17A C.J.S. *Contracts* § 339, at 323 (1963).

It is clear that there is no contract obligating either party, until the contingency provision requiring the sale of 1606 Stocksdale on or before July 10, 1979, was satisfied. Prior to July 10, 1979, the contract was subject to a condition subsequent. Absent a satisfaction of this condition on or by the contingency date the contract is no longer operative. Therefore, it follows that by reason of the respondents' failure to sell their home by July 10, 1979, the contract terminated on that date, and the respondents became entitled to the return of the $2,000 they had paid appellants as earnest money. *Berger, supra* at 20. Additionally, appellants' witnesses testified that they knew that the contract was contingent upon the sale of the purchasers' property and that the contract was null and void after July 10, 1979.

However, appellants argue that the respondents, by their subsequent actions effectively waived the contingency provision in the contract. While it is well settled that a party may waive a condition subsequent, the appellants' claim is clearly meritless. *Campbell v. Richards,* 352 Mo. 272, 176 S.W.2d 504 (Mo.1944).

The basis of the appellants' argument is that the payment of the additional earnest money on July 28, 1979 amounted to a waiver of the contingency provision.

We have defined "waiver" as:

The intentional relinquishment of a known right, on the question of which intention of the party charged with waiver is controlling, and if not shown by express declarations but implied by conduct, there must be a clear, unequivocal, and decisive act of the party showing, such purpose, and so consistent with intent to waive that no other reasonable explanation is possible.

*Edward L. Bakewell, Inc. v. Kroeger,* 617 S.W.2d 447, 450 (Mo.App.1981) *citing Bartleman v. Humphrey,* 441 S.W.2d 335, 343 (Mo.1969).

A review of the evidence failed to reveal any express declarations of waiving the provision and there was no clear, unequivo-

**30**

cal and decisive act that would imply that the respondents waived their right, and as we concluded in *Bakewell, supra* at 451, a payment of additional earnest money alone does not constitute a waiver.

Appellants argue that their agent's testimony revealed that the respondents orally requested an extension of the sales contract and this constituted a decisive act and, therefore, respondents waived their rights.

■ Assuming that such action by the respondents was a "waiver", the so-called waiver did not revive the contract since the contract terminated before the alleged waiver occurred. In *Berger, supra* at 21, we said, in citing 3 Williston on Contracts, § 667 at 1917:

* * * Thus, where a clause in a contract is interpreted as making it void or automatically cancelled upon the happening of a certain contingency, an attempted waiver after the occurrence of the condition can be supported, if at all, only as the re-creation of a contract, for, the old contract having ceased to exist, only a new contract can reinstate the respective rights and duties. * * *

We conclude the trial court correctly ruled that appellants failed to establish its affirmative defense of waiver of the contingency provision and their contention is without merit.

■ Appellants next contend that the trial court lacked jurisdiction to modify the jury's verdict by the addition of prejudgment interest at 9%. The general rule is that the court is without authority to add to the amount the jury has awarded as damages. *Allison v. Mountjoy,* 383 S.W.2d 314, 320 (Mo.App.1964).

■ However, in a most recent decision our brethren in the Western District opined in *Cotton v. 71 Highway Mini-Warehouse,* 614 S.W.2d 304, 308 (Mo.App.1981) that the prejudgment interest statute allowed a trial court to add prejudgment interest at the statutory rate from the date of demand until judgment if the party succeeded in establishing its claim under the demand. In this case, demand by respon-

dents was made on appellants on February 5, 1980 and payment was due then. There was no dispute as to the amount demanded and the trial court properly calculated and assessed the amount of interest due. There is no rule of law that precludes the trial court from making a mere mathematical computation where the question is one of law. *Hamra v. Boone County Development Co.,* 602 S.W.2d 721, 727 (Mo.App.1980). Therefore, the award of prejudgment interest, at the rate of 9% from February 2, 1980 until September 28, 1982, to which respondents were entitled as a matter of law was proper and we deny appellants' claim.

■ Finally, the appellants claim that the trial court erred in its use of MAI 26.02 is without merit. Instruction MAI 26.02 is applicable when there is no dispute regarding the terms of a contract and the defendant's obligation to perform his agreement. MAI 26.02 Notes On Use (1980). *Laclede Investment Corp. v. Kaiser,* 541 S.W.2d 330, 339 (Mo.App.1976). The record is devoid of any indication of a dispute concerning the contract or the contingency provision prior to July 10, 1979. After that date the contract and in particular, the contingency provision, was no longer in existence. Therefore, the sole issue was whether the appellants violated the contract and failed to return the earnest money and the respondents were damaged. The trial court was correct in using MAI 26.02.

Judgment affirmed.

CRIST, P.J., and SIMON, J., concur.